**Rafael G. DAVILA BARCELO et al., Plaintiff,**

v.

**UNITED STATES of America et al., Defendant.**

Civ. A. No. 477-66.

United States District Court
D. Puerto Rico.

Aug. 7, 1967.

R. A. Oliveras Vera, Hato Rey P. R., for plaintiff.

Candita R. Orlandi, Asst. U. S. Atty., San Juan, P. R., for defendant.

## ORDER

CANCIO, Chief Judge.

This case is now before the Court on a motion by defendant United States of America to dismiss the complaint, on the grounds that the statute of limitations has run as to the cause of action pursued. A short summary of the facts is required for a better understanding of the issue.

It is alleged in the complaint that plaintiff suffered a labor accident on April 2, 1964. The claim resulting from this accident was processed through the Puerto Rico State Insurance Fund and later through the Industrial Commission, which rendered a final decision on November 20, 1964. Plaintiff filed this complaint on September 19, 1966, one year and one day after the final decision of the State Insurance Fund, but two years, five months and seventeen days after the accident. The statute of limitations under the Federal Torts Claim Act, 28 U.S.C. § 1346, is of two years.

The issue presented to the Court for determination is whether the statute of limitations begins to run on the date that the accident occurred, or, in the alternative, whether it begins to run upon the rendering of the final decision by the State Insurance Fund.

We hold in the present case that the statute of limitations began to run on the date the accident occurred and that, therefore, the present action has prescribed.

As we have seen, the Act allows the bringing of an action in torts against the United States Government, provided, among other things, that the action be brought within the period of two years after the claim against the government accrues. The United States contends that this period begins when the accident occurred and relies on Tessier v. United States, (1st Cir., 1959) 269 F.2d 305. Plaintiff contends that the period runs from the decision of the State Insurance Fund and relies on Bizer v. United States, (D.C.Cal.1961) 124 F.Supp. 949.

Considering plaintiff's arguments and the case he relies upon, we understand that, as the case itself says, State law is controlling as to the moment when a cause of action comes into existence, but federal law is controlling as to the moment when the statute of limitations begins to run. Bizer v. United States, supra at 952.

In view of the foregoing, the Court finds that the statute of limitations began to run the day the accident occurred; that is, on April 2, 1964, and that the action having been filed after the term of the statute of limitations had expired, the case must be dismissed.

This is not the same situation that arises where a statute prohibits the exercise of a cause of action for such a period of time that the statute of limita-

## 990

tions would run before the action may be exercised. If plaintiff were suing in a regular tort action in the state courts of Puerto Rico, or in this Court in a diversity of citizenship case, he could have not exercised his right to sue until after the decision of the State Insurance Fund or the Industrial Commission became final; and then he must do so within one year, which is the local statute of limitations in tort actions. Workmen's Compensation Act, 11 L.P.R.A. 32. But when the claim is made not under local law but under the Federal Torts Claim Act, the situation is completely different and the statute of limitations of the federal law must prevail.

Therefore, it is the decision of this Court that the motion of the defendants is well taken, and the Court now orders, adjudges and decrees that the complaint against defendants be, and hereby is, dismissed for lack of jurisdiction, the statute of limitations having run on the plaintiff.

It is so ordered.