Celestino **MENDIOLA**, Jr., and Maryland Casualty Company, Appellants,

v.

**UNITED STATES** of America, Appellee.

No. 25127.

United States Court of Appeals
Fifth Circuit.

Oct. 11, 1968.

Harold D. Putman, Putman & Putman, San Antonio, Tex., for appellant Celestino Mendiola, Jr.

Roy C. Brock, House, Mercer, House & Brock, San Antonio, Tex., for appellant Maryland Cas. Co.

William B. Butler, Asst. U. S. Atty., Morton L. Susman, U. S. Atty., James R. Gough, Asst. U. S. Atty., Houston, Tex., for appellee.

Before THORNBERRY and SIMPSON, Circuit Judges, and ATKINS, District Judge.

THORNBERRY, Circuit Judge.

On January 11, 1967, Appellant Celestino Mendiola filed a Federal Tort Claims suit against the United States to recover damages for personal injuries sustained on February 27, 1963. The complaint alleged that a workmen's compensation suit against Maryland Casualty Company was finalized on March 16, 1965. Subsequently, Appellant Maryland Casualty intervened to assert subrogation rights to amounts paid to Mendiola under the Texas Workmen's Compensation Act. The court below granted the Government's motion to dismiss on the ground that the action was barred by a provision of 28 U.S.C. § 2401(b) that

A tort claim against the United States shall be forever barred unless action is begun[1] within two years after such claim accrues.

Appellants' contention is that section 2401(b) does not bar their action because Mendiola filed his complaint within two years after March 16, 1965, the date of the judgment terminating his workmen's compensation suit against Maryland Casualty. Having examined this argument, we find ourselves in agreement with the district court that the claim accrued on February 27, 1963 and expired two years thereafter.

Appellants argue from Texas law that the cause of action against the United States did not "accrue" within the meaning of 28 U.S.C. § 2401(b) until 1965 when the workmen's compensation suit was finalized. When an injured party elects to proceed initially against his employer's compensation carrier rather than at law against the negligent tortfeasor, the running of the Texas statute of limitations on the action at law is tolled pending the outcome of the workmen's compensation suit.[2]

---

1. The provision cited above has been amended, see Public Law 89–506, 80 Stat. 307, but the amendment applies only to claims accruing six months or more after the date of enactment, July 18, 1966. In this case, the claim accrued in 1963 according to appellee and in 1965 according to appellants.

2. Tex.Rev.Civ.Ann. art. 8307, § 6a (1925) provides that the injured employee may at his option proceed against the negligent tortfeasor or the insurance carrier. If he proceeds first against the insurance carrier, the carrier is subrogated to his rights against the tortfeasor:

Where the injury for which compensation is payable under this law was caused under circumstances creating a legal liability in some person other than the subscriber to pay damages in respect thereof, the employe may at his option proceed either at law against that person to recover damages or against the association for compensation under this law, but not against both, and if he elects to proceed at law against the person other than the subscriber, then he shall not be entitled to compensation under this law. If compensation be claimed under this law by the injured employe or his legal beneficiaries, then the association shall be subrogated to the rights of the injured employe in so far as may be necessary and may enforce in the name of the injured employe or of his legal beneficiaries or in its own name and for the joint use and benefit of said employe or beneficiaries and the association the liability of said other person, and in case the association recovers a sum greater than that paid or assumed by the association to the employe or his legal beneficiaries, together with a reasonable cost of enforcing such liability, which shall be determined by the court trying the case, then out of the

Moreover, appellants contend, when the injured employee proceeds initially against his employer's insurance carrier, the cause of action against the negligent tortfeasor does not "accrue" under Texas law until the workmen's compensation suit is finally determined. Thus, they urge, under Texas law Mendiola's action at law would not have accrued until March 16, 1965 and should not be deemed to have accrued under 28 U.S.C. § 2401(b) until then. Whether this analysis of Texas law be precisely accurate or not, it must be recognized that the accrual of a cause of action under section 2401(b) is a matter of federal law. This Court so held in Quinton v. United States, 5th Cir. 1962, 304 F.2d 234, clarifying the earlier case of United States v. Reid, 5th Cir. 1958, 251 F.2d 691:

> It seems clear that this Court, in the Reid case, merely adopted the rule laid down by the District Court in the Bizer case [Bizer v. United States, D. C., 124 F.Supp. 949], supra. That rule, simply stated, is that federal law determines when the period of limitations contained in Section 2401(b) commences to run [i. e., federal law determines when a "claims accrues" within the meaning of Section 2401(b)], even though we look to state law to determine whether any claim has accrued against the Government which would enable the claimant to sue under the Tort Claims Act. (Brackets original) [3]

304 F.2d at 239. We reaffirmed *Quinton* in Beech v. United States, 5th Cir. 1965, 345 F.2d 872, 873:

> This circuit has held, in accord with the majority of federal courts, that the accrual of the cause of action is governed by federal and not state law.

Both the *Beech* and *Reid* cases make it clear that, as a matter of federal law, where the injury coincides with the negligent act and some damage is discernible at the time, the two-year statute of limitations begins to run. See Beech v. United States, supra, 345 F.2d at 874; United States v. Reid, supra, 251 F.2d at 694. Thus, section 2401(b) began to run on Mendiola's claim against the United States when he sustained discernible injuries in 1963. That the Texas statute of limitations would have been tolled pending the termination of his workmen's compensation suit is irrelevant because section 2401(b) contains no such tolling provision and does not incorporate expressly or by implication tolling provisions under state law. In Simon v. United States, 5th Cir. 1957, 244 F.2d 703, this Court held, *inter alia*, that it could not read into section 2401(b) an exception not embodied therein, however reasonable such exception might seem. More to the point is Jones v. United States, D.D.C.1954, 126 F.Supp. 10, in which it was squarely held that a provision of New York law for tolling the statute of limitations was inapplicable to section 2401(b).[4] The policy reason for not in-

---

sum so recovered the association shall reimburse itself and pay said cost and the excess so recovered shall be paid to the injured employe or his beneficiaries. The association shall not have the right to adjust or compromise such liability against such third person without notice to the injured employe or his beneficiaries and the approval of the board, upon a hearing thereof.

3. In *Quinton*, the question was whether section 2401(b) had run on a malpractice suit against Air Force doctors. Though under applicable state law the cause of action accrued more than two years before the filing of the Federal Tort Claims suit, the Court held that as a matter of

federal law the action accrued within two years of the filing of suit. The federal rule adopted for malpractic suits against the United States was that the action must be maintained within two years after the claimant discovered, or in the exercise of reasonable diligence should have discovered, the existence of the acts of malpractice upon which his claim is based.

4. See also Kington v. United States, E.D. Tenn.1967, 265 F.Supp. 699, in which the parties agreed that the filing and dismissal of state and federal suits on the same cause of action did not operate to toll the running of the two-year period under section 2401(b).

corporating state tolling provisions into section 2401(b) was given by Judge Tuttle in *Quinton* when he explained why the accrual of a claim could not be a matter of state law:

> Obviously, if the various states' rules could severally determine when a claim accrued against the Government under Section 2401(b), the uniformity which Congress sought by enacting that section would be, for all practical purposes, a goal impossible of attainment. Differing state rules as to when a tort claim accrues would necessarily produce diverse decisions as to the effect of Section 2401(b). The mere alteration by a state of its rule as to the accrual of a particular claim would alter Section 2401(b) just as effectively as if Congress itself had formally amended that section.

304 F.2d at 236. The incorporation of diverse state tolling provisions into section 2401(b) would undermine the uniform application of the two-year period for filing suit just as effectively as would incorporation of state laws for the accrual of a cause of action.[5]

■ As a matter of federal law, then, Mendiola's claim against the United States accrued in 1963 and expired in 1965. The tolling provision under Texas law did not prevent the running of section 2401(b). Appellant Maryland Casualty stands in no better position than Mendiola because under Texas law it was subrogated to the rights of Mendiola and, by definition, could not assert any right or privilege which he could not assert.[6] The judgment dismissing the action is affirmed.

5. As indicated by the opinon, our view is that under Texas law the running of the statute of limitations on the suit against the negligent tortfeasor is tolled when the injured employee elects to proceed initially against his employer's insurance carrier. See Fidelity Union Casualty Co. v. Texas Power & Light Co., 35 S.W.2d 782, 784 (Tex.Civ.App.—Dallas 1931, writ ref'd). This does not mean that under Texas law the cause of action against the tort feasor accrues when the workmen's compensation suit is completed rather than when the injuries are sustained. The statute referred to in footnote 2, supra, indicates that the cause of action accrues when the injuries are sustained and that the injured employee may proceed at once against the tortfeasor or the compensation carrier. If he commences his action at law before the compensation suit is concluded, his compensation right is lost *unless the subrogation rights of the compensation carrier are protected.* Texas cases suggest that the injured party may assert his claim against the torfeasor even though the compensation claim has not been fully disposed of if subrogation rights have been protected by an agreement between the employee and the compensation carrier. Texas Employers' Ins. Assn. v. Fish, 266 S.W.2d 435 (Tex. Civ.App.—Ft. Worth 1954, writ ref'd n. r. e.), opinion adhered to on subsequent appeal, 276 S.W.2d 907 (Tex.Civ.App.—Ft. Worth 1955, writ ref'd n. r. e.); see also Derr v. Argonaut Underwriters Ins. Co., 339 S.W.2d 718 (Tex.Civ.App.—Austin 1960, writ ref'd n. r. e.); cf., Jackson v. Hanover Ins. Co., 389 S.W.2d 328 (Tex.Civ.App.—Waco 1965, no writ). Thus, we believe that Texas law would have permitted Mendiola to make an agreement with Maryland Casualty to protect subrogation rights so that he could proceed against the United States within the two-year period.

6. Appellants concede that under Standard Oil Co. of Texas v. Swinney, 5th Cir. 1953, 201 F.2d 133 and Texas cases, the injured party and the compensation insurer have but one cause of action against the negligent tortfeasor. The compensation insurer does not have a separate claim which accrues when it pays the injured party.