**UNITED STATES of America, Plaintiff,**

**v.**

**BIRMINGHAM FIRE INSURANCE COMPANY OF PENNSYLVANIA, Defendant.**

**Civ. A. No. 73–68.**

United States District Court,
W. D. Pennsylvania.

Jan. 31, 1974.

---

502

James A. Villanova, Asst. U. S. Atty., Pittsburgh, Pa., for plaintiff.

George M. Weis, Weis & Weis, Pittsburgh, Pa., for defendant.

## OPINION

TEITELBAUM, District Judge.

On July 18, 1962, the United States, through its agent, the National Aeronautics and Space Administration (NASA), entered into a contract with All Type Exhibitors Display Service Company (All Type). A dispute arose between the parties which, in accordance with the Standard Disputes Clause of the contract, was submitted to a contracting officer for resolution. The final decision of the contracting officer, in favor of the United States, was rendered on August 5, 1966. All Type appealed to the NASA Board of Contract Appeals, but the appeal was dismissed for lack of prosecution by order of the Board dated January 24, 1967, to be effective as of February 2, 1967.

On January 18, 1973, the United States filed this action, which arises out of the facts outlined above, alleging that defendant Birmingham Fire Insurance had issued a surety bond on All Type's performance under the contract and demanding payment. Birmingham then filed the motion for judgment on the pleadings under F.R.Civ.P. 12(c) which is now before the Court. Defendant contends that the government's cause of action is barred by the applicable statute of limitations, 28 U.S.C. § 2415.

Section 2415 of Title 28 provides in pertinent part:

" . . . every action for money damages brought by the United States . . . which is founded upon any contract express or implied in law or fact, shall be barred unless the complaint is filed within six years after

the right of action accrues or within one year after final decisions have been rendered in applicable administrative proceedings required by contract or by law, whichever is later . . . ."

The sole issue before the Court is to be determine when a "right of action accrues" under the statute. If a right of action is held to have accrued as of August 5, 1966, the government's suit is barred. If a right of action is held to have accrued on the date that decision was rendered in the final administrative proceeding, the decision of the Board of Contract Appeals on January 24, 1967, defendant's motion for judgment on the pleadings must be denied. It is this latter course which will be followed.

Although there are no cases determining when a right of action accrues under 28 U.S.C. § 2415, in Crown Coat Front Co. v. United States, 386 U.S. 503, 87 S.Ct. 1177, 18 L.Ed.2d 256 (1967), the phrase "right of action first accrues" was interpreted as it appears in 28 U.S.C. § 2401(a), which sets up a six-year statute of limitations for suits filed against the government. In Crown Coat it was held that a right of action does not accrue under Section 2401(a) until the final decision in the administrative proceedings has been rendered.

■ The fact that, until the government brought suit in 1973, all administrative proceedings had been initiated, not by the government, but by All Type, the private contractor, presents no obstacle to the application of the Crown Coat doctrine to Section 2415. It might be said that the government in this case seeks to take advantage of a "right of action" which accrued, strictly speaking, to All Type or its successor in interest, rather than to the government. This is not so since the administrative appeals procedure constitutes a systematic approach to the resolution of disputes arising out of government contracts which is equally binding upon the United States and private contractors. Even though, in this instance, the dispute resolution mechanism was activated by the private contractor, neither the government nor the private contractor could have filed a complaint in United States District Court until the administrative procedure had been exhausted.

■■ The Crown Coat doctrine applies to 28 U.S.C. § 2415. A right of action accrues under 28 U.S.C. § 2415 as of the date a final administrative decision has been rendered. Under the facts of this case, the government filed suit within six years of the final administrative decision and thus its cause of action is not barred. Defendant's motion for judgment on the pleadings will be denied.