Albert J. FUSCO, Plaintiff-Appellant,

v.

JOHNS–MANVILLE PRODUCTS CORP. et al., Defendants-Appellees.

No. 80–1532.

United States Court of Appeals, Fifth Circuit. Unit A

May 1, 1981.

Yarborough, Yarborough & Stallings, Charles D. Yarborough, Bedford, Tex., for plaintiff-appellant.

Thompson, Knight, Simmons & Bullion, Christopher W. Byrd, Schuyler B. Marshall, Dallas, Tex., for Johns-Manville.

Shannon, Gracey, Ratliff & Miller, Thomas J. Henry, Vic Anderson, Jr., Fort Worth, Tex., for Owens Corning, etc.

J. M. "Mike" Lee, Fort Worth, Tex., for J. P. Stevens.

Robert M. Greenberg, Dallas, Tex., for Philip Carey Corp.

Vial, Hamilton, Koch, Tubb, Knox & Stradley, Jeffrey S. Lynch, Dallas, Tex., for Pitts. Corning Corp.

Before CHARLES CLARK and GEE, Circuit Judges, and SPEARS,* District Judge.

SPEARS, District Judge:

Fusco appeals from a district court order granting summary judgment for Johns-Manville and other named defendants. We affirm the district court.

The only issue on appeal is whether the district court correctly granted summary judgment for Johns-Manville and other manufacturers (manufacturers) on the basis that Fusco's cause of action was time-barred. Summary judgment is proper in a situation where there is no genuine issue of material fact, and upon which the moving party is entitled to prevail as a matter of law. Fed.R.Civ.P. 56(c). It is our duty to evaluate the facts and inferences drawn from such facts in the light most favorable to the party opposing the motion. *See United States v. Diebold, Inc.*, 369 U.S. 654, 655, 82 S.Ct. 993, 994, 8 L.Ed.2d 176 (1962) (per curiam); *Northwest Power Prods., Inc. v. Omark Indus., Inc.*, 576 F.2d 83, 85 (5th Cir. 1978), *cert. denied*, 439 U.S. 1116, 99 S.Ct. 1021, 59 L.Ed.2d 75 (1978). *See generally* Wright and Miller, *Federal Practice and Procedure* § 2716 (1973 & 1979 Supp.). We cannot decide an issue of material fact, but, instead, we are relegated to a determination of whether a genuine issue exists, and whether the law was applied correctly. *See e. g., Adams v. Federal Signal Corp.*, 616 F.2d 842, 843 at note 1 (5th Cir. 1980); *Central Oil & Supply Corp. v. United States*, 557 F.2d 511, 515 (5th Cir. 1977); *United States Steel Corp. v. Darby*, 516 F.2d 961, 963 (5th Cir. 1975). Similarly, when the evidence conclusively shows that the cause of action has been barred by limitations, judgment may be rendered for the proponents, *see Birdwell v. American*

*Bonding Co.,* 337 S.W.2d 120, 128 (Tex.Civ. App.—Ft. Worth, 1960, writ ref'd n.r.e.), but the evidence must be such that reasonable men would not differ as to its interpretation.

Fusco was employed in the Long Beach Naval Shipyards as a pipe-coverer from 1957 until his retirement in 1970. The nature of his employment exposed him to significant concentrations of asbestos fibers. In 1967 Fusco learned that the inhalation of asbestos fibers could be hazardous to his health. The shipyards provided annual medical examinations of its asbestos workers, and following his examination in 1970, Fusco was informed by an industrial safety engineer that his examination and diagnosis indicated he had asbestosis. In July 1970, Fusco consulted other physicians concerning his shortness of breath, progressive fatigue and lethargy, and nocturia. Following extensive testing, Fusco was informed that he had a very significant pulmonary restrictive disease, diagnosed as asbestosis. A few days after learning of his asbestos condition, Fusco filed a federal workmen's compensation claim, and shortly thereafter he terminated his employment at the shipyard under a reduced age retirement plan. The federal claims were denied in 1977, but are currently subject to review. Fusco's original complaint in this action was filed in September 1978 against the manufacturers for personal injuries received as a result of exposure to their asbestos products.

While Fusco attempts to raise a fact issue in his controverting affidavit by stating that he was not aware of a "medically confirmed" asbestos condition until 1977, a careful review of his original complaint, briefs, affidavits, admissions, and the evidence presented at trial, reflect, on the basis of the facts above set forth, that he was well aware of his possible condition as early as June of 1970. In our opinion, the trial court properly determined as a matter of law that Fusco discovered, or in the exercise of reasonable diligence should have discovered, his injury in 1970. The evidence is such that reasonable minds could not differ as to its effect.

Applying the substantive law of Texas in this diversity case, Art. 5526 states that all actions for personal injuries should be commenced within two (2) years after the cause of action accrues. Tex.Rev.Civ. Stat.Ann. art. 5526 (Vernon 1981 Supp.). In actions for negligence, the period of limitations begins to run from the commission of the negligent act, not the date of the ascertainment of damages. *See, e. g., Atkins v. Crosland,* 417 S.W.2d 150, 153 (Tex. 1967); *First Nat. Bank v. Nu-Way Transp., Inc.,* 585 S.W.2d 813, 816 (Tex.Civ.App.—Ft. Worth 1979, ref'd n. r. e.); *Dotson v. Alamo Funeral Home,* 577 S.W.2d 308, 311 (Tex. Civ.App.—San Antonio, 1979, no writ). This statute likewise governs products liability actions, whether based in tort or implied warranty; however, the limitations period commences when the buyer discovers, or in the exercise of ordinary care should have discovered, the injury. *See, e. g., Roman v. A. H. Robins Co., Inc.,* 518 F.2d 970, 971–972 (5th Cir. 1975); *Thrift v. Tenneco Chemicals Co. Inc.,* 381 F.Supp. 543, 544–545 (N.D.Tex.1974); *Burleson v. Mead Johnson & Co.,* 331 F.Supp. 710, 711–712 (N.D.Tex.1971).[1]

Therefore, as the limitation period commenced in 1970, and this suit was not initiated until September 12, 1978, the statute of limitations operates as a bar to this complaint. Tex.Rev.Civ.Stat.Ann. art. 5526 (Vernon 1976); *cf., Roman v. A. H. Robins Co., Inc., supra,* 971–972 (5th Cir. 1975) (products liability case time-barred because plaintiff brought suit five years after she had been informed that her physical ailments probably resulted from an adverse reaction to the defendant's product).

---

1. It should be noted that the Texas Supreme Court in *Garcia v. Texas Instruments, Inc.,* 610 S.W.2d 456, 459–463 (Tex.1980), has recognized that a four year period of limitations is applicable to actions for personal injuries resulting from breach of implied warranties of merchantability pursuant to § 2.725(a) of the Texas Bus. & Com. Code Ann. However, even if Fusco had brought his action under this section, his claim would remain time-barred because more than four years has elapsed since the cause of action accrued.

In the alternative, Fusco contends that since federal claims are still pending before the Office of Employees Compensation, neither his cause of action nor that of the government has accrued by virtue of 28 U.S.C. § 2415, and, consequently, the limitation period has not commenced. In support of this position, Fusco reasons that since the statutes, 5 U.S.C. §§ 8131 and 8132 (Federal Employees Compensation Act), recognized the injured claimant's right to bring a third party action, any defeat of such action would extinguish the government's derivative right of subrogation; therefore, he concludes, the law must protect Fusco's third party action in order to preserve the government's derivative rights. *See United States v. Limbs,* 524 F.2d 799, 801 (9th Cir. 1975) (government has quasi-contractual right of subrogation to proceeds of third party settlement for benefits paid under the act, and, as a result, the six year statute, 28 U.S.C. § 2415 applies); *United States v. Birmingham Fire Ins. Co.,* 370 F.Supp. 501, 503 (W.D.Pa.1974) (right of action under 28 U.S.C. § 2415 accrues when all administrative appeals have been exhausted); *United States v. Kellum,* 523 F.2d 1284, 1286 (5th Cir. 1975) (United States is not subject to local statutes of limitations, absent its own consent). However, neither the statutes nor these cases stand for the proposition that a dilatory claimant's third party action must be considered indefeasible in order to preserve the government's interest.[2]

But aside from the foregoing argument, it appears that Fusco's position is inconsistent with the statutory scheme, because the statutes expressly provide for an assignment of the claim to the United States, or for the Secretary of Labor to direct the claimant to pursue the claim in his name. Furthermore, Section 2415 amply protects the government's right of subrogation pending final agency determination, and since Sections 8131 and 8132 do not force an election of remedies, it would be unjust to permit a claimant to sit on his rights during the administrative process. Moreover, *Limbs,* expressly points out that the causes of action for individuals and the government are separate and distinct, and that the purpose of § 2415 was to place the actions by the United States on an equal footing with those by private litigants. Accordingly, we find that the interests of Fusco and the United States are not so inextricably intertwined as to compel the result requested by him.

Fusco also argues that Art. 8307 of the Texas Workmen's Compensation Act is applicable to toll the running of the limitations period while the federal compensation claim is pending. It is our opinion, however, that the tolling provision applies only to actions under the Texas act, and is inapplicable to suits arising under the federal act. *Cf. Mendiola v. United States,* 401 F.2d 695, 698 (5th Cir. 1968) (limitations period tolled during pendency of compensation claim, except as against the United States).

Fusco's final contention is that summary judgment was improper on the issue of fraudulent concealment. We disagree. There cannot be fraudulent concealment of facts which admittedly were or should have been known by Fusco. It is admitted by Fusco that as early as 1967 he was aware of the dangers associated with asbestos products, and that in 1970 he was informed by

---

2. The cases relied on by Fusco are generally inapposite to his argument. *U. S. v. Limbs,* 524 F.2d 799, 801 (9th Cir. 1975), concerned recalcitrant employee-beneficiaries who refused to refund settlement proceeds to the employees compensation fund. The court held that the government's right of subrogation was based in quasi-contract, and was distinct from the original tort claim; therefore, the six-year limitations period of 28 U.S.C. § 2415 was applicable. *U. S. v. Birmingham Fire Ins. Co.,* 370 F.Supp. 501, 503 (W.D.Pa.1974), merely held that the government's cause of action in contract under 28 U.S.C. § 2415 accrues at termination of the administrative process, and does not mention anything concerning third party causes of action. Likewise, *U. S. v. Kellum,* 523 F.2d 1284, 1286 (5th Cir. 1975) is not in point. In *Kellum,* the court determined that the United States in general was not subject to state statutes of limitations; however, nothing in the opinion indicates that a state statute of limitations may not bar the claim of a beneficiary to which the government had subrogation rights.

medical doctors of his potential asbestos condition. As a result of his admissions, there was no evidence to raise a genuine issue of material fact, and since he relied solely on his pleadings in presenting this issue, summary judgment was proper.

The summary judgment entered by the district court in favor of the manufacturers is hereby

AFFIRMED.