**Felix VEGA–VELEZ and Carmen Luisa Ginorio-Gonzalez pro se and on behalf of the marriage community so established, Plaintiffs,**

v.

**UNITED STATES of America, Defendant.**

**Civ. 85–0132CC.**

United States District Court,
D. Puerto Rico.

Feb. 11, 1986.

Erick E. Kolthoff-Benners, Hato Rey, Puerto Rico, for plaintiffs.

Daniel F. López-Romo, U.S. Atty., Francisco A. Besosa, Asst. U.S. Atty., Hato Rey, Puerto Rico, for defendant.

## OPINION AND ORDER

CEREZO, District Judge.

This is an action for damages under the Federal Tort Claims Act, 28 United States Code, section 2671, et seq.

Plaintiff Félix Vega suffered an accident while working at the premises of the U.S. Government at its Federico Degetau Federal Building in Hato Rey on January 27, 1980. Plaintiff was a supervisory employee of Vigilante Security Guards which had been contracted by the U.S. Government to perform security services at the premises. The date of the accident plaintiff slipped and fell to the floor during a supervision tour of duty at the Hato Rey Federal Building. He alleges that the floor was wet because of a dripping air conditioner.

As a result of the fall plaintiff suffered injuries and was in pain. He immediately reported the accident to his supervisor at Vigilante's office where he expressed that he could not work any more that night because he was in great pain. See Vega's Deposition, pp. 12–13. The day after, January 28, 1980, he reported the accident to the State Insurance Fund. The State Insurance Fund rendered its final decision on November 1983. As a result of the accident plaintiff alleges to have suffered a lumbo sacral sprain, with EMG suggestive of L5 radiculopathy, and an emotional disorder which has caused him a permanent, partial disability of his general physiological functions. He claims he was bedridden for six months and is still suffering pain due to the accident. On April 26, 1984 plaintiff filed his administrative claim with the General Service Administration. The claim for injuries against the United States Government under the Federal Tort Claims Act was filed on January 17, 1985. On September 9, 1985 the United States filed a Motion for Summary Judgment under Rule 56 of the Federal Rules of Civil Procedure.

The issue before us is whether the claim against the United States Government under the Federal Tort Claims Act is time barred under section 2401(b) of Title 28 of the United States Code or whether the filing of the workmen's compensation suit had the effect of tolling said section.

Plaintiff contends that he filed his workmen's compensation claim in accordance with Puerto Rico Workmen's Compensation Insurance Act, 11 L.P.R.A. 32, and that he could not sue the third party which caused the accident, the United States Government, until after the final decision of the State Insurance Fund. He argues that state law determines when the cause of action accrues and that considering Puerto Rico Workmen's Compensation Act his claim did not accrue until after the final decision of the Manager of the State Insurance Fund was rendered in November 1983. He argues that a claim does not accrue until it can be made on the basis of a judicial action. *Tessier v. United States,* 269 F.2d 305 (1st Cir.1959); *Kossick v. United States,* 330 F.2d 933 (2nd Cir.1964); *Jackson v. United States,* 182 F.Supp. 907 (D.C.Md.1960).

Defendant's position is that the Federal Tort Claims Act constitutes a limited waiver of sovereign immunity and that under the Federal Tort Claims Act accrual is a question of federal law. Defendant also argues that the filing of the workmen's compensation claim did not have the effect of tolling the statute of limitations under the Federal Tort Claims Act. Section 2401(b) of Title 28, United States Code provides:

> (b) A tort claim against the United States shall be forever barred unless it is presented in writing two years after such claim accrues or unless action is begun within six months after the date of mailing, by certified or registered mail, of notice of final denial of the claim by the agency to which it was presented.

■ It is well settled that the United States is immune from suit unless it has expressly consented to be sued. The Federal Tort Claims Act is a waiver of immunity of the United States. Section 2401(b) provides a two-year period of limitations applicable to tort claims against the government. The two-year limitation provision is the balance struck by Congress in the context of tort claims against the government. Nevertheless, provisions waiving immunity from suits against the government should be strictly construed. *United States v. Kubrick,* 444 U.S. 111, 100 S.Ct. 352, 62 L.Ed.2d 259 (1979). In *United States v. Kubrick,* supra, the Court held that it was not free to construe section 2401(b) so as to defeat its obvious purpose, which is to encourage the prompt presentation of claims. The Court also added that in construing the statute of limitations, which is a condition of that waiver, the Court should not take it upon itself to extend the waiver beyond that which Congress intended. *Soriano v. United States,* 352 U.S. 270, 77 S.Ct. 269, 1 L.Ed.2d 306 (1957); *Indian Towing Company v. United States,* 350 U.S. 61, 68–69, 76 S.Ct. 122, 126–27, 100 L.Ed. 48 (1955). Neither, however, should the Court assume the authority to narrow the waiver that Congress intended. *Indian Towing Company v. United States,* supra. Limitations and condi-

tions upon which the government consents to be sued must be strictly observed and exceptions thereto are not to be implied. *Soriano v. United States,* supra; *United States v. Sherwood,* 312 U.S. 584, 61 S.Ct. 767, 85 L.Ed. 1058 (1941). Thus, the requirements of section 2401(b) must be fully adhered to before an action can be brought under the Federal Tort Claims Act. When a sovereign waives its immunity and, by statute, creates a cause of action and consents to be sued, it is a condition precedent to suit that it be filed in exact compliance with the terms of the consent. *Childers v. United States,* 442 F.2d 1299 (5th Cir.1971).

It has been held that federal law determines when the cause of action accrues for purposes of the Federal Tort Claims Act, *Kubrick,* supra. In *Mendiola v. United States,* 401 F.2d 695 (5th Cir.1968) the Court recognized that accrual of a cause of action under section 2401(b) is a matter of federal law. See *Quinton v. United States,* 304 F.2d 234 (5th Cir.1962) and *Beech v. United States,* 345 F.2d 872 (5th Cir.1965) wherein the Court expressed: "This circuit has held, in accord with the majority of federal courts, that the accrual of the cause of action is governed by federal, not state law."

■ Plaintiff's contention is that section 2401(b) does not bar his action because he filed his complaint within two years after the final decision of his workmen's compensation suit and thus his claim did not accrue until that date, November 1983. The case of *Mendiola,* supra, is illustrative on the issue of accrual under section 2401(b). In that case *Mendiola* proceeded under Texas law to file his workmen's compensation claim and after termination of this claim then filed suit against the United States under the Federal Tort Claims Act. He argued that his claim against the United States did not "accrue" within the meaning of section 2401(b) until his workmen's compensation suit had been terminated. The Court reasoned that even if under Texas law the cause of action against the negligent tortfeasor may not have accrued until

the workmen's compensation suit was finally determined, that is not the case under section 2401(b) for the accrual of the cause of action is a matter of federal law. Thus, as a matter of federal law, where the injury coincides with the negligent act and some damage is discernible at the time, the two-year statute of limitations begins to run. *Mendiola v. United States*, supra. The Court determined that the two-year statute of limitations began to run on Mendiola's claim against the United States when he sustained discernible injuries. In our case plaintiff suffered injuries of which he was well aware of on the same day the accident occurred, January 27, 1980, and he filed suit on January 17, 1985, well beyond the two-year period provided by section 2401(b).

In a similar case before this District Court, *Dávila Barceló v. United States*, 271 F.Supp. 988 (D.P.R.1967), the Court ruled that the suit against the United States was filed after the term of the statute had expired and dismissed the case. In that case, plaintiff suffered a labor accident and his claim was processed through the Puerto Rico State Insurance Fund. After termination of this claim a suit was filed against the United States under the Federal Tort Claims Act. The Court ruled that the two-year limitations period on plaintiff's federal tort claims action began to run the date the accident occurred, and not on the date of the rendering of the final decision by the State Insurance Fund and was thus time-barred.

We must consider whether the filing of the workmen's compensation claim had the effect of tolling the statute of limitations provided by section 2401(b). The statute's legislative history contains no indication of a tolling intent. The reviser's notes concerning the increase of the limitations period from one to two years in 1949 are likewise "silent on any intent to have any tolling provisions wash into the Federal Tort Claims Act." *United States v. Glenn*, 231 F.2d 884 (9th Cir.1956), *cert. denied* 352 U.S. 926, 77 S.Ct. 223, 1 L.Ed.2d 161. The Senate Report elaborating on the 1966 amendment demonstrates a distaste for stale claims, a sentiment common to statutes of limitations. *Winston Bros. Company v. United States*, 371 F.Supp. 130 (D.Minn.1973), citing S.R. No. 1327, U.S. Code Cong. & Ad.News, 89th Cong., 2d Sess. pp. 2515, 2516 (1966). To the extent that tolling is allowed, this goal of avoiding ancient claims is undermined. *Winston*, supra. In *Simon v. United States*, 244 F.2d 703 (5th Cir.1957), the Court held that it could not read into section 2401(b) an exception not embodied therein, however, reasonable such exception might seem.

The rationale frequently expressed for tolling the statute of limitations of section 2401(b) is disability to sue. Numerous cases arising under the Tort Claims Act support the conclusion that disability to sue does not toll section 2401(b). They favor a strict construction of the language, *e.g.*, *Jastremski v. United States*, 737 F.2d 666 (7th Cir.1984) (child's minority does not toll the running of period of limitations under section 2401(b)); *Pittman v. United States*, 341 F.2d 739 (9th Cir.1965), *cert. denied* 382 U.S. 941, 86 S.Ct. 394, 15 L.Ed.2d 351 (no tolling during minority though guardian ad litem had not been appointed and there was alleged conflict of interest on part of minor's father); mental incompetency cases: *Casias v. United States*, 532 F.2d 1339 (10th Cir.1976) (insanity, such as constituted legal disability in most states, does not toll statute of limitations under Federal Tort Claims Act); *Jackson v. United States*, 234 F.Supp. 586 (E.D.South Carolina, 1964) (insanity or mental incompetency does not suspend or toll federal statute of limitations under Federal Tort Claims Act); but see *Zeidler v. United States*, 601 F.2d 527 (10th Cir.1979) (mental incapacity to comprehend the elements of possible malpractice claim against United States the statute of limitations would be tolled and would not bar the patient from ever pursuing a remedy for violation of his rights); *Pardy v. United States*, 575 F.Supp. 1078 (S.D.Ill., 1983) (incompetency of plaintiff while in coma tolled federal statute of limitations). In *Mendiola*, supra, the Court stated that section 2401(b) had not been

tolled pending termination of workmen's compensation suit despite local statute providing for tolling. The Court said "that the Texas statute of limitations would have been tolled pending the termination of his workmen's compensation suit is irrelevant because section 2401(b) contains no such tolling provisions and does not incorporate expressly or by implication tolling provisions under state law." See also *Fusco v. Johns-Manville Products Corp.*, 643 F.2d 1181 (5th Cir.1981) where the Court held that tolling provisions of Texas Workmen's Compensation Act applies only to actions under Texas Act and was inapplicable to suits arising under federal act. Thus, provisions of state law which normally have effect of tolling statutes of limitation are not given that effect when the claim is under Federal Tort Claims Act. *Childers v. United States*, 442 F.2d 1299, (5th Cir. 1971). See also *Soriano v. United States*, supra, 352 U.S. at 273, 77 S.Ct. at 272, wherein the Court said that Congress was entitled to assume that the limitation period it prescribed meant just that period and no more suggesting that even the outbreak of wartime hostilities would not toll section 2401(b). These cases exemplify the "unbending interpretation that has been given to section 2401(b) in accordance with the manifested legislative goal of the expeditious bringing and resolution of tort claims against the government." *Winston Bros. Co. v. United States*, supra, pp. 135–136. *Mendiola*, supra, quotes *Quinton v. United States*, 304 F.2d 234 (5th Cir.1962) in holding that:

> Obviously, if the various states' rules could severally determine when a claim accrued against the Government under Section 2401(b), the uniformity which Congress sought by enacting that section would be, for all practical purposes, a goal impossible of attainment. Differing state rules as to when a tort claim accrues would necessarily produce diverse decisions as to the effect of Section 2401(b). The mere alteration by a state of its rule as to the accrual of a particular claim would alter Section 2401(b) just

as effectively as if Congress itself had formally amended that section.

304 F.2d at 236.

> The incorporation of diverse state tolling provisions into section 2401(b) would undermine the uniform application of the two-year period for filing suit just as effectively as would incorporation of state laws for the accrual of a cause of action.

*Mendiola*, supra, at p. 698.

■ Federal law governs the accrual of the cause of action. As a matter of law plaintiff's claim against the United States accrued the date he was injured, on January 27, 1980. Since two-year statute of limitations had expired when the action was filed before this court on January 17, 1985 and the tolling provisions under Puerto Rico Workmen's Compensation Law do not have the effect of tolling section 2401(b), the claim against the United States is time barred. This case is, therefore, DISMISSED.

SO ORDERED.