Felix VEGA–VELEZ,
Plaintiff, Appellant,

v.

UNITED STATES of America,
Defendant, Appellee.

No. 86–1253.

United States Court of Appeals,
First Circuit.

Sept. 10, 1986.

Erick E. Kolthoff Benners, Rio Piedras, P.R. on brief for appellant.

Francisco A. Besosa, Asst. U.S. Atty., and Daniel F. Lopez-Romo, U.S. Atty., Hato Rey, P.R. on brief for appellee.

Before CAMPBELL, Chief Judge, COFFIN and TORRUELLA, Circuit Judges.

PER CURIAM.

Felix Vega-Velez appeals from an order of the United States District Court for the District of Puerto Rico dismissing the complaint on the basis that his claim was time barred under the Federal Tort Claims Act, 28 U.S.C. § 2401(b) (1978). The opinion of the district court appears in *Vega-Velez v. United States*, 627 F.Supp. 773 (1986).

Appellant was a supervisory employee of Vigilante Security Guards which was under contract to the United States to provide security services at the Federal Building in Hato Rey, Puerto Rico. On January 27, 1980, while on a supervisory tour of the building, he slipped and fell, an event which plaintiff alleges caused the physical injuries that are the basis of this claim. The next day he reported the injury to the State Insurance Fund, pursuant to the Puerto Rico Workman's Accident Compensation Act. The State Insurance Fund rendered its final decision in November 1983. In April 1984 appellant filed an administrative claim with the General Services Administration which denied the claim in August 1984. This suit was brought in January 1985.

The United States, defendant-appellee, sought summary judgment on the basis that the claim was barred by the two year statute of limitations of the Federal Tort Claims Act, 28 U.S.C. § 2401(b) (1978). The United States argued that federal law should apply to determine when the cause of action accrued, and that, under federal

law, it accrued the day plaintiff was injured, January 27, 1980.

Appellant, relying on this court's holding in *Tessier v. United States,* 269 F.2d 305 (1st Cir.1959), argued below that state law (in this instance, the law of the Commonwealth of Puerto Rico), should govern when a cause of action accrues under the Federal Tort Claims Act. He asserted that under the Puerto Rico Workman's Accident Compensation Act, P.R.Laws Ann. tit. 11, § 32 (1977), he could not bring suit against the federal government until 90 days after the State Insurance Fund's final determination. Appellant argued that under state law his cause of action did not accrue until 90 days after the State Insurance Fund's final decision in November 1983, and so the two-year Federal Tort Claims Act statute of limitations had not yet run when he brought suit in August 1984.

The district court agreed with the United States that federal law should determine when the cause of action accrued. 627 F.Supp. at 776. The court found that the claim accrued at the time of injury and so the two-year statute of limitations would bar plaintiff's suit. The district court rejected the alternative contention that plaintiff's filing for workman's compensation benefits tolled the two year statute of limitations. Accordingly, the court dismissed the action.

■ We affirm the judgment of the district court. We do not, however, find it necessary to decide whether federal or state law defines the date of accrual of the cause of action. The parties erred in assuming that appellant, upon injury, would have been barred by the Puerto Rico Workman's Compensation statute, P.R.Laws Ann. tit. 11, § 32 (1977), from suing the United States under the Federal Tort Claims Act until he had first presented his claim to the State Insurance Fund. To be sure, the third-party liability section of the Puerto Rico statute provides that a third party action may be instituted only 90 days after the State Insurance Fund's final decision. P.R.Laws Ann. tit. 11, § 32 (1977). However, in construing this statute in

1974, the Supreme Court of Puerto Rico held that an injured employee could, if he chose, decide not to seek workman's compensation benefits at all, and could instead immediately sue the third party that caused his injury. *Lopez Rodriguez v. Delama,* 102 D.P.R. 254 (1974). Only if the employee decides to seek workman's compensation benefits is he barred from bringing a third-party suit until 90 days after the Fund's final decision. According to the Supreme Court of Puerto Rico,

> [T]he injured workman or employee may choose the remedy. He may claim from the Fund, or he may waive his rights in the Fund and claim directly from the third party responsible for his injuries, or he may do both things provided the Manager of the Fund does not subrogate himself, and 90 days elapse from the date the administrative decision becomes final and enforceable.

*Lopez Rodriguez v. Delama,* 102 D.P.R. at 257–58 (official translation at 322).

Given this authoritative ruling of the highest court of Puerto Rico, we see no reason to believe that, under Puerto Rico law any more than under federal law, the date of accrual would await the time that the workman's compensation claim was determined by the State Insurance Fund.

As the *Lopez Rodriguez* decision reveals, the appellant here could have proceeded with his third-party claim as soon as his injury had occurred. His cause of action thus accrued at that time. Claiming against the United States then might have constituted an election to waive his workman's compensation claim, but this fact would not prevent the third-party claim from having *accrued* at that time, *i.e.,* from coming into existence as an enforceable claim. *See* Webster's Third New International Dictionary (1971). No Puerto Rico or federal case has been called to our attention suggesting that the mere necessity of making such an election precludes accrual. The one case that is factually similar to the present has held that, where a similar opportunity to elect existed, the cause of action accrued when the injury

was known to have occurred. *Mendiola v. United States*, 401 F.2d 695 (5th Cir.1968). While this case applied federal law to the question of accrual, we see no reason why a Puerto Rico court would hold any differently in respect to when the claim *accrued*, where, immediately following the injury, plaintiff was entitled under Puerto Rico law to proceed with his third party action if he chose to do so.

 It is argued that even if the cause of action accrued on the date the injury occured, appellant's filing of the claim for workman's compensation benefits interrupted the running of the two year statute of limitations. *Tropigas de Puerto Rico v. Superior Court*, 102 D.P.R. 630 (1974) (pendency of claims under section 32 of Workman's Compensation Act interrupts limitations period). However, it is well established that state (and commonwealth) tolling rules do not affect the two-year statute of limitations applicable to federal claims.[1] *Mendiola*, 401 F.2d at 697 (workman's compensation statute does not toll federal statute of limitations); *Jastremski v. United States*, 737 F.2d 666 (7th Cir. 1984) (minority does not toll federal statute of limitations); *Casias v. United States*, 532 F.2d 1339 (10th Cir.1976) (insanity does not toll federal statute of limitations); *Smith v. United States*, 588 F.2d 1209 (8th Cir.1978) (minority does not toll federal statute of limitations).

Since the cause of action accrued in January 1980 when appellant was injured, and since the pendency of the workman's compensation proceedings did not and could not toll the running of the two-year federal statute of limitations, we agree with the district court that the action against the United States was untimely.

*Affirmed.*

1. There is no federal statute or rule of law which would suspend the operation of the two year statute of limitations while plaintiff pursued his commonwealth workman's compensation claim.

* This appeal was originally heard on April 1, 1986, and decided by a detailed written order dated April 15, 1986. Since such a summary