7 F.3d 224
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
KAREN MCKEWIN, by and through her guardian ad litem, Mary C.
McKewin Harrell; Mary C. McKewin Harrell,
individually, Plaintiffs-Appellants,
v.
UNITED STATES of America, Defendant-Appellee.
 No. 92-1770.
 United States Court of Appeals,
Fourth Circuit.
 Submitted: December 11, 1992.
Decided: October 4, 1993.
 
 Appeal from the United States District Court for the Eastern District of North Carolina, at Raleigh.
 Peter J. Sarda, Richard P. Nordan, Kirby, Wallace, Creech, Sarda, Zaytoun, for Appellants.
 Margaret Person Currin, United States Attorney, Eileen G. Coffey, Assistant United States Attorney, for Appellee.
 E.D.N.C.
 AFFIRMED
 Before WIDENER, HALL, and PHILLIPS, Circuit Judges.
 PER CURIAM:
 
 OPINION
 
 1
 Karen McKewin and her mother Mary C. McKewin Harrell appeal from the district court's order and judgment dismissing this case for lack of subject matter jurisdiction, pursuant to Fed. R. Civ. P. 12(b)(1). They contend that the two-year time limit for the presentation of administrative claims for damages, a prerequisite for Federal Tort Claims Act (FTCA) suits, see 28 U.S.C.s 2401(b) (1988), is tolled by Karen's infancy. Based on the facts presented in this case, we find that § 2401(b) is not tolled by infancy and, therefore, we affirm the district court.
 
 I.
 
 2
 On May 13, 1982, Harrell, then the wife of United States Air Force (USAF) member Daniel McKewin, was admitted to the USAF Hospital at Elmendorf Air Force Base, Alaska, in active labor for the delivery of Karen McKewin. At birth, the umbilical cord was wrapped around Karen's neck. Her resulting condition necessitated vigorous resuscitative measures and a transfer to a civilian hospital's neonatal intensive care unit for treatment of fetal anoxia. According to Plaintiffs, Karen sustained extensive injuries during delivery and birth. Karen's condition is apparently permanent, and she has been in Harrell's continuous care since birth.
 
 
 3
 The parties stipulated that Harrell has known since at least January 1983 that Karen's injuries arose during Karen's delivery and birth as a result of the umbilical cord being wrapped around Karen's neck. However, Plaintiffs did not file an administrative claim for damages with the USAF, as required under 28 U.S.C. § 2675(a) (1988), until May 8, 1990. The claim was denied in January 1991, as untimely under § 2401(b). Plaintiffs then instituted this action in federal court in February 1991.
 
 II.
 
 4
 The construction of a jurisdictional statute is a question of law to be reviewed de novo. See Spawr v. United States, 796 F.2d 279 (9th Cir. 1986). Under the FTCA,
 
 
 5
 [a] tort claim against the United States shall be forever barred unless it is presented in writing to the appropriate Federal agency within two years after such claim accrues or unless action is begun within six months after the date of mailing ... of notice of final denial of the claim by the agency to which it was presented.
 
 
 6
 28 U.S.C. § 2401(b).
 
 
 7
 There is a subtle distinction between typical statute of limitations and the time limit established by § 2401(b). Maahs v. United States, 840 F.2d 863, 866 n.4 (11th Cit. 1988). A statute of limitations is a deadline which, after a specified period of time, bars an otherwise valid cause of action. Section 2401(b) is an integral prerequisite of the FTCA's limited waiver of sovereign immunity, and the expiration of the prescribed two-year period causes that restricted right of action to dissipate. Id.; see Simon v. United States, 244 F.2d 703, 704-05 (5th Cir. 1957).
 
 
 8
 Because the FTCA's limited waiver of sovereign immunity must be strictly construed according to the terms and conditions established by Congress, see United States v. Kubrick, 444 U.S. 111, 117-18 (1979); Gould v. United States Dep't of Health & Human Servs., 905 F.2d 738, 741 (4th Cir. 1990), cert. denied, 59 U.S.L.W. 3460 (U.S. 1991), extensions and tolls typically applicable to statutes of limitations cannot lengthen the § 2401(b) period. Maahs, 840 F.2d at 866 n.4; Vega-Valez v. United States, 800 F.2d 288, 290 (1st Cir. 1986); Childers v. United States, 442 F.2d 1299, 1303 (5th Cir.), cert. denied, 404 U.S. 857 (1971). Hence, the two-year time limit in § 2401(b) is "jurisdictional and nonwaivable."[1] Gould, 905 F.2d at
 
 
 9
 741. Failure to present the administrative claim for damages within the requisite two-year period bars a tort action against the United States. Henderson v. United States, 785 F.2d 121, 123 (4th Cir. 1986); Wilkinson v. United States, 677 F.2d 998, 999-1000 (4th Cir.), cert. denied, 459 U.S. 906 (1982).
 
 
 10
 A medical malpractice cause of action under the FTCA accrues when the claimant discovers both the injury and its cause. Kubrick, 444 U.S. at 123-25. The claimant need not be aware at the time of accrual that the injury may have been negligently inflicted. Id. Where, as here, the injured claimant is a minor, the cause of action accrues when the parent knows of the minor's injury and the cause thereof, for the parent's knowledge is imputed to the child. See Landreth v. United States, 850 F.2d 532, 534 (9th Cir. 1988), cert. denied, 488 U.S. 1042 (1989); Portis v. United States, 483 F.2d 670, 673 (4th Cir. 1973). It follows, and an overwhelming majority of the federal courts considering this questions have held, that the Plaintiff's minority does not toll the § 2401(b) period. See, e.g., Vega-Valez, 800 F.2d at 290; Jastremski v. United States, 737 F.2d 666 (7th Cir. 1984); Fernandez v. United States, 673 F.2d 269 (9th Cir. 1982); Robbins v. United States, 624 F.2d 971 (10th Cir. 1980). We concur in this conclusion, and find that this case should be controlled by a factually identical case from the Ninth Circuit, Herrera-Diaz v. United States Dep't of Navy, 845 F.2d 1534 (9th Cir.) cert. denied, 488 U.S. 924 (1988).
 
 
 11
 In this case, Plaintiffs contend that the denial of tolling for minority under § 2401(b) is based upon an erroneous judicial fiction that a parent has the legal duty to commence legal action on a child's behalf. While it may have the incidental effect of creating an apparent parental duty,[2] the refusal to tolls 2401(b) for a claimant's minority stems from the judiciary's acknowledgment of the limited sovereign immunity waiver of the FTCA, Kubrick, 444 U.S. at 117-18; Gould, 905 F.2d at 747 ("[I]t is clearly the prerogative of Congress, not the judiciary, to reform the terms and scope of waiver of sovereign immunity beyond that which Congress intended."), and the central purpose of § 2401(b), "to require the reasonably diligent presentation of tort claims against the Government." Kubrick, 444 U.S. at 123. To rule otherwise would result in an approximately twenty-three year distortion of the right of action under the FTCA.
 
 
 12
 We also reject Plaintiff's arguments that § 2401(b) deprives McKewin of her due process[3] and equal protection rights[34] and unfairly discriminates against her on the basis of age and mental handicap.[5] As aptly stated by this Court, in Gould, "[w]e are not unmindful that a strict adherence to the requirements of [§ 2401(b) ] often works substantial hardship on plaintiffs and may have a harsh impact on a party innocent of any impropriety.... [W]e have no choice but to apply the law as written." Gould, 905 F.2d at 747.
 
 
 13
 We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the Court and argument would not aid the decisional process.
 
 AFFIRMED
 
 
 [1]
 However, as argued by Plaintiffs, the doctrine of equitable tolling may, under exceptional circumstances, extend thes 2401(b) time limit
 Rarely invoked by federal courts against the United States, equitable tolling has been restricted to cases where the untimely filing resulted from the Defendant's fraudulent concealment or misrepresentation or from the Plaintiff's inadvertently defective filings during the statutory period. Irwin v. Veterans Admin. 59 U.S.L.W. 4021, 4023, (U.S. 1990); Crawford v. United States, 796 F.2d 924, 926 (7th Cir. 1986). The absence of such circumstances in the instant case preludes the equitable tolling of the § 2401(b) period. Instead, this case is the archetypal situation in which equitable tolling has been denied:"We have generally been much less forgiving in receiving late filings where the claimant failed to exercise due diligence in preserving his legal rights." Irwin, 59 U.S.L.W. at 4023; see also Felty v. Graves-Humphreys Co., 818 F.2d 1126, 112829 (4th Cir. 1987) (failure to exercise diligence precludes invocation of equity).
 
 
 [2]
 Such a duty is not inconsistent with North Carolina's parental duty to provide a child with such necessaries as medical treatment when, as in this case, the action is instituted to make the child whole for the injuries suffered as a result of the alleged negligence and to enable the parent to afford the requisite medical care. See Flippin v. Jarrell, 270 S.E.2d 482, 490 (N.C. 1980); Goodyear v. Goodyear, 126 S.E.2d 113, 116 (N.C. 1962)
 
 
 [3]
 There is no due process deprivation in this case because McKewin had the opportunity to be heard through her mother for two years. Logan v. Zimmerman Brush Co., 455 U.S. 422, 428 (1982); Zavala v. United States, 876 F.2d 780, 784 (9th Cir. 1989)
 
 
 [4]
 As to equal protection, Plaintiffs argue that McKewin is "similarly situated" with the mentally incompetent adult in Washington v. United States, 769 F.2d 1436 (9th Cir. 1985), whose FTCA cause of action was tolled, McKewin is not similarly situated with that adult, whose condition and lack of a guardian or other representative necessitated a tolling of the FTCA time period. See Zavala, 876 F.2d at 783. Absent those special circumstances, mental incompetence would not toll § 2401(b). See Casias v. United States, 532 F.2d 1339 (10th Cir. 1976)
 
 
 [5]
 Section 2401(b) is applied universally to all claimants under the FTCA, and does not disparage McKewin on the basis of her age or mental condition