UNPUBLISHED

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

GRACE R. WEISSMANN; DANIEL
WEISSMANN,
Plaintiffs-Appellants,

v.

No. 98-1157

UNITED STATES POSTAL SERVICE,
Defendant-Appellee.

Appeal from the United States District Court
for the District of Maryland, at Baltimore.
Joseph H. Young, Senior District Judge.
(CA-97-2246-Y)

Submitted: June 23, 1998

Decided: July 29, 1998

Before MURNAGHAN, ERVIN, and MOTZ, Circuit Judges.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

Leonard J. Sperling, Samuel Sperling, LAW OFFICES OF SPER-
LING & FRAMM, Baltimore, Maryland, for Appellants. Lynne A.
Battaglia, United States Attorney, Earle Bronson Wilson, Assistant
United States Attorney, Baltimore, Maryland; R. Andrew German,
Managing Counsel, Geraldine O. Rowe, UNITED STATES POSTAL
SERVICE, Washington, D.C., for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

Appellants Grace and Daniel Weissmann bring this appeal from an order of the district court dismissing their claim against the United States under the Federal Tort Claims Act ("FTCA") on the ground that the statute of limitations bars this action. We affirm.

On January 25, 1994, Grace Weissmann slipped and fell during the course of her employment in front of the Arlington Station Post Office in Baltimore, Maryland. Ms. Weissmann filed for disability benefits under the Maryland Workers' Compensation law. On May 1, 1996, the Maryland Workers' Compensation Commission awarded Ms. Weissmann temporary disability benefits. On March 24, 1997, Ms. Weissmann and her husband, Daniel Weissmann, submitted an administrative claim to the United States Postal Service in accordance with the FTCA. The Postal Service declined to consider the claim because the Weissmanns filed the claim more than three years after Ms. Weissmann's alleged accident.

On July 14, 1997, the Weissmanns filed a complaint in the United States District Court for the District of Maryland seeking damages based on Ms. Weissmann's 1994 accident at the Arlington Station Post Office. The United States moved to dismiss the complaint based on the Weissmanns' failure to file an administrative claim with the United States Postal Service within two years of the date of the alleged accident as required under the FTCA, 28 U.S.C. § 2401(b) (1994). The Weissmanns alleged that Ms. Weissmann's claim with the Maryland agency for workers' compensation benefits tolled the federal statute of limitations. The district court found that the Weissmanns' failure to comply with the two year limitations period prescribed in § 2401(b) deprived it of subject-matter jurisdiction over the claim. This appeal followed.

2

A district court's decision regarding the applicability of a particular statute of limitations is reviewed de novo. United States v. Manning, 56 F.3d 1188, 1195 (9th Cir. 1995). The FTCA provides for a limited waiver of the sovereign immunity of the United States for the torts of government employees committed within the scope of their employment. See Honda v. Clark, 386 U.S. 484, 501 (1967). A condition of that waiver, however, is compliance with the FTCA's statute of limitations. Muth v. United States, 1 F.3d 246, 249 (4th Cir. 1993). Under the FTCA, "[a] tort claim against the United States shall be forever barred unless it is presented in writing to the appropriate federal agency within two years after such claim accrues." 28 U.S.C. § 2401(b) (1994); see Gould v. United States Dep't of Health & Human Servs., 905 F.2d 738, 741 (4th Cir. 1990) (in banc). The two-year limitations period is jurisdictional and may not be waived. Ahmed v. United States, 30 F.3d 514, 516 (4th Cir. 1994) (citing Henderson v. United States, 785 F.2d 121, 123 (4th Cir. 1986)). Although liability under the FTCA is determined in accordance with state law, see 28 U.S.C.A. § 1346(b) (West 1993 & Supp. 1998), federal law determines when a cause of action accrues. See Miller v. United States, 932 F.2d 301, 303 (4th Cir. 1991); Gould, 905 F.2d at 742. For purposes of section 2401(b), a cause of action accrues when a plaintiff knows or, in the exercise of due diligence, should know of both the existence and cause of his injury. See id. (citing United States v. Kubrick, 444 U.S. 111, 120 (1979)).

The Weissmanns do not dispute that they knew of the existence and cause of Ms. Weissmann's alleged injury on January 25, 1994, and that they failed to bring an action under the FTCA within two years of that date. The Weissmanns claim, however, that because Ms. Weissmann's claim for disability benefits under the Maryland Workers' Compensation law was not resolved until May 1, 1996, Maryland law precluded them from bringing suit against the United States until July 1, 1996--two months after the Maryland Workers' Compensation Commission issued its first order. Hence, the Weissmanns assert that their cause of action accrued on July 1, 1996, because that was the first day they had the substantive right to submit a claim against the United States under the FTCA.

The Weissmanns' claim is misplaced for two reasons. First, their argument ignores that federal and not state law determines when a

3

cause of action accrues for an FTCA claim. Federal courts have consistently held that state workers' compensation laws do not serve to toll or delay the accrual date of an FTCA claim. See Vega-Velez v. United States, 800 F.2d 288, 290 (1st Cir. 1986); Mendiola v. United States, 401 F.2d 695, 697 (5th Cir. 1968); see also Poindexter v. United States, 647 F.2d 34, 36 (9th Cir. 1981). Second, Ms. Weissmann has no inherent right to seek compensation for her alleged injuries under both the Maryland workers' compensation system and the FTCA. See United States v. Demko, 385 U.S. 149, 151 (1966) (workers' compensation laws are "practically always thought of as substitutes for, not supplements to, common-law tort actions"); Vega-Velez, 800 F.2d at 289 (recognizing that under the Puerto Rico Workers' compensation statute an injured employee could be forced to sue a third party directly in lieu of seeking workers' compensation benefits). The Maryland Court of Special Appeals recently recognized that under Maryland law a party seeking compensation from a third-party tortfeasor for an injury sustained on the job may be precluded from bringing a workers' compensation claim. See Central GMC, Inc. v. Lagana, 706 A.2d 639, 641-44 (Md. Ct. Spec. App. 1998).

Accordingly, the Weissmanns' failure to file their complaint against the United States within two years of the date Ms. Weissmann sustained her alleged injuries deprived the district court of jurisdiction over this action. See Ahmed, 30 F.3d at 516. We therefore affirm the district court's order dismissing the Weissmanns' claim for want of jurisdiction. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED

4