[PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
AUGUST 10, 2001
THOMAS K. KAHN
CLERK

_____

No. 01-10730
Non-Argument Calendar

_____

D. C. Docket No. 00-02534-CV-GET-1

ETHEL MAXINE PHILLIPS, individually
and as surviving spouse and authorized
representative of the estate of Walter
Kenneth Phillips, deceased,

Plaintiff-Appellant,

versus

UNITED STATES OF AMERICA,

Defendant-Appellee.

_____

Appeal from the United States District Court
for the Northern District of Georgia

_____

**(August 10, 2001)**

Before DUBINA, HULL and KRAVITCH, Circuit Judges.

KRAVITCH, Circuit Judge:

In this appeal we decide whether Georgia's renewal statute, O.C.G.A § 9-2-61, applies to extend the limitation period in 28 U.S.C. § 2401(b) for causes of action brought under the Federal Tort Claims Act.  We hold that it does not.

## I.  Background

On April 9, 1999, Appellant Ethel Phillips filed a claim with the Department of Veterans Affairs, alleging negligence and medical malpractice arising out of the care and treatment of her deceased husband at the Atlanta Veterans Administration Medical Center.  The claim was administratively denied on November 10, 1999.  On January 3, 2000, Phillips filed suit against the United States in district court pursuant to the Federal Tort Claims Act ("FTCA"), 28 U.S.C. §§ 1346(b), 2401, 2671-2680.  Phillips voluntarily dismissed that lawsuit without prejudice on April 4, 2000.  On September 28, 2000, Philips filed the instant action, alleging claims similar to those asserted in the January 3 action.

Subsequently, the United States moved to dismiss the action for lack of jurisdiction because it had been untimely filed under 28 U.S.C. § 2401(b).  That section provides:

> A tort claim against the United States shall be forever barred unless it is presented in writing to the appropriate Federal agency within two years after such claim accrues or unless action is begun within six

2

months after the date of mailing, by certified or registered mail, of notice of final denial of the claim by the agency to which it was presented.

28 U.S.C. § 2401(b). It is undisputed that under section 2401(b), a tort claim must be presented to the appropriate federal agency within two years after the claim accrues and the lawsuit must be commenced within six months after the receipt of a final agency decision. See Dyniewicz v. United States, 742 F.2d 484, 485 (9th Cir. 1984); Schuler v. United States, 628 F.2d 199, 201 (D.C. Cir. 1980).

In response to the United States' motion to dismiss, Phillips conceded that she had commenced the current action more than ten months after receiving notice of the final administrative decision from the Department of Veterans Affairs. She argued, however, that Georgia's renewal statute, O.C.G.A. § 9-2-61–which permits the re-filing of a dismissed action within six months without regard to limitation–operated to extend the time for filing.[1] Phillips asserted that because she

---

[1]O.C.G.A. § 9-2-61(a) provides in relevant part:

When any case has been commenced in either a state or federal court within the applicable statute of limitation and the plaintiff discontinues or dismisses the same, it may be recommenced in a court of this state or in a federal court either within the original applicable period of limitations or within six months after the discontinuance or dismissal, whichever is later . . . .

O.C.G.A. § 9-2-61(a).

3

filed her first action within six months of the administrative decision, she satisfied the statute of limitations in 28 U.S.C. § 2401(b), and that under O.C.G.A. § 9-2-61 she was authorized to dismiss the initial action and re-file it within six months from the date of dismissal.

The district court disagreed and found that the Georgia renewal statute does not alter the time limitations imposed by the 28 U.S. § 2401(b) for claims brought under the FTCA. It also found that Phillip's action did not fall within the class of cases for which a federal statute of limitations is equitably tolled. Accordingly, the court granted the United States' motion to dismiss based on the untimeliness of Phillips's complaint.

## II. Discussion

Phillips contends that the district court erred in finding that the Georgia renewal statute does not operate to extend the time for filing a claim under the FTCA.[2] Phillips's contention raises a question of law, which we review de novo. See Atlantic Land & Improvement Co. v. United States, 790 F.2d. 853, 857 (11th Cir. 1986).

It is well established that the FTCA is a specific waiver of the sovereign immunity of the United States and must be strictly construed. See United States v.

---

[2]Phillips does not challenge the district court's finding regarding equitable tolling.

Kubrick, 444 U.S. 111, 117-18 (1979). By enacting the FTCA time limitation period, 28 U.S.C. 2401(b), the United States has placed a condition on that waiver. "[L]imitations and conditions upon which the Government consents to be sued must be strictly observed and exceptions thereto are not to be implied." Lehman v. Nakshian, 453 U.S. 156, 161(1981). Generally, therefore, "a court looks to state law to define the time limitation applicable to a federal claim only when 'Congress has failed to provide a statute of limitations for a federal cause of action.'" Pipkin v. United States Postal Serv., 951 F.2d 272, 275 (10th Cir. 1991) (citing Lampf, Pleva, Lipkind, Prupis & Petigrow v. Gilbertson, 501 U.S. 350 (1991)). For claims brought under the FTCA, Congress has expressly stated the applicable limitation period. See 28 U.S.C. 2401(b); see also Pipkin, 951 F.2d at 275. Moreover, "[s]ection 2401(b) . . . is the balance struck by Congress in the context of tort claims against the Government; and we are not free to construe it so as to defeat its obvious purpose, which is to encourage the prompt presentation of claims." Kubrick, 444 U.S. at 117. Therefore, in construing the FTCA's statute of limitations, "we should not take it upon ourselves to extend the waiver beyond that which Congress intended." Id. at 117-18.

Although this court has never addressed the applicability of the Georgia renewal statute on claims brought under the FTCA, we did address a similar issue

in Mendiola v. United States, 401 F.2d 695 (5ᵗʰ Cir. 1968).[3]  In Mendiola, we rejected the incorporation of a state tolling provision into section 2401(b) on the basis that the accrual of a cause of action under section 2401(b) is a matter of federal law.  See id. at 697.  Accordingly, we concluded that the two-year statute of limitations under section 2401(b) began to accrue when the plaintiff was injured, regardless of a provision under state law that tolled the state statute of limitations pending termination of the plaintiff's workmen's compensation suit.  See id.

Phillips argues that the Georgia renewal statute is different than the state tolling provision at issue in Mendiola and thus should be applied to the FTCA limitation period.  Specifically, Phillips contends that, unlike the tolling provision in Mendolia, the Georgia renewal statute does not act to toll the accrual of a cause of action.  Rather, plaintiffs are still required to comply with the FTCA time limit restrictions when they initially file suit.  It is only after a complaint is timely filed and then voluntarily dismissed that the Georgia renewal statute provides a six-month grace period in which to re-file the complaint.  See O.C.G.A. § 9-2-61.

In our estimation, Phillips's attempt to distinguish Mendiola disregards a policy concern that is essential to the holding in Mendiola.  In Mendiola, the court

---

[3]Under Bonner v. City of Pritchard, 661 F.2d 1206, 1209 (11th Cir.1981) (en banc), this court is bound by cases decided by the former Fifth Circuit before October 1, 1981.

explained that the need for uniformity was the reason for not incorporating state tolling provisions into section 2401(b):

> Obviously, if the various states' rules could severally determine when a claim accrued against the Government under Section 2401(b), the uniformity which Congress sought by enacting that section would be, for all practical purposes, a goal impossible of attainment. Differing state rules as to when a tort claim accrues would necessarily produce diverse decisions as to the effect of Section 2401(b). The mere alteration by a state of its rule as to the accrual of a particular claim would alter Section 2401(b) just as effectively as if Congress itself had formally amended that section. The incorporation of diverse state tolling provisions into section 2401(b) would undermine the uniform application of the two-year period for filing suit just as effectively as would incorporation of state law for the accrual of a cause of action.

Mendiola, 401 F.2d at 697-98 (citation and internal quotation marks omitted).

Here, if we were to apply Georgia's renewal statute to the FTCA statute of limitation, the limitation period expressly set by Congress would be extended for those plaintiffs who previously had filed within the time period but subsequently had dismissed their action. Therefore, we believe that the incorporation of diverse

7

state renewal provisions into section 2401(b) would undermine the uniform application of that section's six-month time limitation "just as effectively as would the incorporation of state law for the accrual of a cause of action." Id.

Accordingly, we follow the direction of the Tenth Circuit in Pipkin v. United States Postal Serv., 951 F.2d 272, 274-75 (10th Cir. 1991) and hold that O.C.G.A § 9-2-61 is not applicable to extend the FTCA limitation period. See id. (holding that similar statute under Oklahoma law did not enlarge section 2401(b)'s six-month limitation period). Because Phillips did not file the present action within six months after she received notice that her claims had been administratively denied, the district court did not err by dismissing her claims.

AFFIRMED.