[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS
FOR THE ELEVENTH CIRCUIT

-------------------------------------------

No. 04-14162
Non-Argument Calendar

-------------------------------------------

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
MAY 4, 2005
THOMAS K. KAHN
CLERK

D. C. Docket No. 03-03108-CV-CC-1

SHARON WELDON,

Plaintiff-Appellant,

versus

ELECTRONIC DATA SYSTEMS
CORPORATION,

Defendant-Appellee.

----------------------------------------------------------------

Appeal from the United States District Court
for the Northern District of Georgia

----------------------------------------------------------------

(May 4, 2005)

Before EDMONDSON, Chief Judge, HULL and WILSON, Circuit Judges.

**PER CURIAM:**

Sharon Weldon appeals the district court's order granting summary judgment in favor of Electronic Data Systems Corp. ("EDS") in her pro se employment discrimination action brought under Title VII, 42 U.S.C. §§ 2000e et seq. No reversible error has been shown; we affirm.

This case is about the timeliness of Weldon's action. On 5 March 2003, the Equal Employment Opportunity Commission issued Weldon a right-to-sue letter. On 5 June 2003, Weldon filed a complaint containing several allegations of Title VII-based discrimination and retaliation. On 3 September 2003, Weldon requested EDS to waive formal service of process, but EDS did not respond. On 13 October 2003, Weldon contacted the Gwinnett County Sheriff's Office to perfect service, but she was informed that service probably could not be completed until 17 October 2003. Weldon voluntarily dismissed her complaint on 14 October 2003. She refiled a nearly identical complaint later that day.

The district court granted summary judgment in favor of EDS because (1) the refiled complaint was not filed within Title VII's 90-day limitations period, (2) the filing of her initial, voluntarily dismissed complaint did not toll Title VII's

2

limitations period, and (3) EDS's refusal to waive formal service of process did not entitle Weldon to equitable tolling.

We review the district court's rulings on a motion for summary judgment <u>de novo</u>; we view all evidence and factual inferences therefrom in the light most favorable to the non-moving party. <u>Miller v. King</u>, 384 F.3d 1248, 1258-59 (11th Cir. 2004). Summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed.R.Civ.P. 56(c).

Weldon first maintains that Georgia law, not federal law, governs the voluntary dismissal of her complaint. She claims that Ga. Code Ann. § 9-2-61(a) afforded her a second chance to file her original complaint as long as EDS received notice of her lawsuit. But Weldon's suit is based on Title VII, a federal law. And Title VII contains a statute of limitations. <u>See</u> 42 U.S.C. § 2000e-5(f)(1). Thus, federal law, not the law of Georgia, provides the applicable limitations period. <u>See</u> <u>Phillips v. United States</u>, 260 F.3d 1316, 1318 (11th Cir. 2001) (stating that a court looks to state law to determine a limitations period "only when Congress has failed to provide a statute of limitations for a federal cause of action").

The record is clear that Weldon did not file her second complaint within 90 days of receiving the right-to-sue letter from the EEOC. See 42 U.S.C. § 2000e-5(f)(1). The EEOC mailed the right-to-sue letter on 5 March 2003.[1] Although no one contests that Weldon timely filed her initial complaint on 5 June 2003, Weldon did not file the instant complaint until 14 October 2003, long after the 90-day period expired.

And Weldon's filing of her 5 June 2003 complaint -- which she voluntarily dismissed on 14 October 2003 -- did not toll the statute of limitations. See Bost v. Fed. Express Corp., 372 F.3d 1233, 1242 (11th Cir. 2003) (writing that dismissal of a complaint, without prejudice, does not allow a later complaint to be filed outside the statute of limitations); Justice v. United States, 6 F.3d 1474, 1478-79 (11th Cir. 1993) (stating general rule that filing of lawsuit later dismissed without prejudice does not automatically toll statute of limitations).

Weldon suggests that we apply the doctrine of equitable tolling because EDS misled her by failing to respond to her request that EDS waive formal service of the initial complaint. See Fed.R.Civ.P. 4(d)(2) (stating that plaintiff may request defendant to waive service of summons). But EDS was not required to comply with Weldon's request: the only penalty it faced for failing to waive

_____

[1] Weldon has not provided evidence on when she received the right-to-sue letter.

4

formal service was to bear the costs of formal service. See id. And Weldon waited until three months after filing her initial complaint to send her waiver request to EDS. Had Weldon not waited so long to initiate that process, she would have had plenty of time to have the sheriff's office formally serve EDS after EDS did not respond to her waiver request within 30 days. See Fed.R.Civ.P. 4(m) (setting forth 120-day time limit to serve summons and complaint on defendant); 4(d)(2(F) (allowing defendant at least 30 days to respond to plaintiff's request to waive service).

EDS bore no responsibility to ensure that Weldon served the complaint in a timely and proper fashion. Under these facts, nothing evidences that EDS misled Weldon into letting the statute of limitations lapse. See Justice, 6 F.3d at 1479. To the contrary, equitable tolling is not warranted "when the plaintiff does not file her action in a timely fashion despite knowing or being in a position reasonably to know that the limitations period is running." Id. Weldon has not shown that she is entitled to the "extraordinary remedy" of equitable tolling. Id. The district court properly granted summary judgment in favor of EDS.

**AFFIRMED.**