[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
DEC 27, 2010
JOHN LEY
CLERK

No. 10-11989
Non-Argument Calendar
_____

D.C. Docket No. 4:09-cv-00182-WTM-GRS

JENA PAIGE,

Plaintiff-Appellant,

versus

UNITED STATES AIR FORCE,

Defendant-Appellee.

_____

Appeal from the United States District Court
for the Southern District of Georgia

_____

(December 27, 2010)

Before CARNES, BARKETT and MARCUS, Circuit Judges.

PER CURIAM:

Jena Paige, proceeding pro se, appeals the dismissal of her tort claim against

the United States of America.  Paige contends that the United States was negligent

in what she argues was her wrongful termination from the United States Air Force. Although her complaint and brief are largely incomprehensible, liberally construing them, see H&R Block E. Enters., Inc. v. Morris, 606 F.3d 1285, 1288 n.1 (11th Cir. 2010), she appears to have sued the United States under the Federal Tort Claims Act. 28 U.S.C. §§ 1346(b), 2401, 2671–2680. One of the reasons that the district court dismissed her complaint was because it found that her claim is barred by the statute of limitations in the FTCA. See 28 U.S.C. § 2401(b).

"A tort claim against the United States shall be forever barred unless it is presented in writing to the appropriate Federal agency within two years after such claim accrues . . . ." 28 U.S.C. § 2401(b). Paige was terminated from the Air Force on June 2, 2006. She first filed her claim with the Air Force on May 18, 2009, which was denied, and she then filed this claim in the district court on November 30, 2009. Because her claim against the United States is derived from her termination from the Air Force, which took place on June 2, 2006, and she did not file her claim for "torts negligence" within two years after her termination, her claim is barred. See 28 U.S.C. § 2401(b); see also Phillips v. United States, 260 F.3d 1316, 1317 ("It is undisputed that under section 2401(b), a tort claim must be presented to the appropriate federal agency within two years after the claim accrues . . . .").

Paige argues that a North Dakota statute of limitations should govern her claim against the United States. Generally, however, "a court looks to state law to define the time limitation applicable to a federal claim only when Congress has failed to provide a statute of limitations for a federal cause of action." Phillips, 260 F.3d at 1318 (quotations and citations omitted). Because Congress has provided us with the FTCA's two year statute of limitations, we do not look to state law for the limitations period.[1] See 28 U.S.C. § 2401(b).

**AFFIRMED.**

---

[1]Paige also filed a "Notice of Motion to Amend Judgement of Jurisdiction From District Court/ and To Notify To This Court The Plaintiff's Attempt To Refill [sic] Pending Complaint." Although the body of her motion is as difficult to understand as its title, nothing in it changes the fact that her claim is barred by the FTCA's statute of limitations. See 28 U.S.C. § 2401(b). Therefore her motion, to the extent it is a motion, is denied.