[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 12-11731
Non-Argument Calendar
_____

D.C. Docket No. 1:11-cv-00050-SPM-GRJ


MICHAEL V. SCORDATO,

Plaintiff-Appellant,

versus

UNITED STATES OF AMERICA,

Defendant-Appellee.

_____

Appeal from the United States District Court
for the Northern District of Florida
_____

(September 11, 2012)


Before HULL, MARTIN and HILL, Circuit Judges.


PER CURIAM:

Michael V. Scordato appeals the dismissal of his federal tort claims action against the Veterans Administration (the "VA") for lack of subject matter jurisdiction due to the untimely filing of his administrative claim. *See* Fed. R. Civ. P. 12(b)(1). *See also Phillips v. United States*, 260 F.3d 1316, 1317 (11th Cir. 2001). The district court dismissed his claim because he filed it more than two years after he was informed of and wrote a letter challenging what he alleged to be the basis for the tort action – a misdiagnosis of his mental condition by the VA. Scordato argues that the limitations period did not begin to run until the Board of Veterans Appeals (the "Board") affirmed that diagnosis.[1] Based upon that later date, Scordato's claim would be timely filed. We disagree.

A tort claim against the United States "accrues when the plaintiff is, or in the exercise of reasonable diligence should be, aware of both [his] injury, and its connection with some act of the defendant." *McCullough v. United States*, 607 F.3d 1355, 1359 (11th Cir. 2010). In this case, Scordato alleges that his injury is a misdiagnosis by VA doctors. This misdiagnosis is alleged to have come to his attention on July 31, 2006 when Scordato was examined for schizophrenia by a

---

[1] In his letter, Scordato appears to challenge his most recent diagnosis as incorrect. Subsequently, his challenge became that his past VA treatment for schizophrenia was the result of misdiagnosis. His claim, therefore, morphed from an appeal of a denial of benefits for lack of a service connected disability into a tort claim for past misdiagnoses and unnecessary treatment.

2

VA doctor.  Despite having been treated for this condition for many years by the VA, the diagnosis on July 31, 2006 was that he had a personality disorder, not schizophrenia.  On August 26, 2006, Scordato challenged this diagnosis and requested review by the Board.  The issue for our review is whether Scordato's letter challenging the July 31, 2006 diagnosis triggered the limitations period.  We conclude that it did.

Scordato was obligated to pursue his tort claim within two years of learning that he had an injury – his past incorrect treatment – and that it was the result of the VA's misdiagnosis that he was schizophrenic.  *See McCullough*, 607 F.3d at 1359. There is no question that he knew this no later than August 26, 2006, when he wrote a letter to the Board challenging his diagnosis.  The Board's subsequent decision affirming the diagnosis "did not reveal any new facts needed to discover the causal link" between his injury and the VA's alleged actions.  *Id.* at 1359-60 (federal tort claim not timely filed despite plaintiff's difficulty obtaining medical records because "he did not need his medical records to learn the 'critical facts' indicating he had been hurt and who had inflicted the injury"); *Chasteen v. United States*, 334 Fed. App'x 271, 273-74 (11th Cir. 2009) (plaintiff's claim accrued before autopsy report was issued because autopsy merely confirmed what plaintiff already believed).

3

Scordato asserts, however, that his letter cannot have triggered the limitations period despite his knowledge of his alleged injury and its connection to the VA because "technically" the diagnosis was not "final" until the Board affirmed it.  He offers no authority for this assertion and we are aware of none.  Furthermore, the issue is not when the diagnosis became "final," but rather when Scordato became aware of it.  As the record shows and the district court found, this date was no later than that when Scordato challenged that diagnosis.

Accordingly, we conclude that the limitations period began to run on August 26, 2006, and that Scordato's December 2008 administrative claim was filed untimely.

The decision of the district court is

AFFIRMED.

4