[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 12-14531
Non-Argument Calendar
_____

D.C. Docket No. 2:11-cv-00256-RWS

MOLLIE H INGMIRE,

Plaintiff-Appellant,

versus

TARGET CORPORATION,

Defendant-Appellee.

_____

Appeal from the United States District Court
for the Northern District of Georgia
_____

(May 29, 2013)

Before CARNES, BARKETT and MARCUS, Circuit Judges.

PER CURIAM:

Mollie Ingmire appeals the dismissal of her employment discrimination complaint against Target Corporation as time-barred.  In March 2011, Ingmire voluntarily dismissed a previous complaint alleging employment discrimination under the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12112(a), and under the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. §§ 623(a), 626(c), as well as asserting various state law claims.  Ingmire filed the present complaint nearly six months later, on September 20, 2011, alleging substantially the same claims.  On appeal, Ingmire argues that her second complaint was timely filed within the applicable 90-day limitations period, because she properly renewed her initial, timely filed complaint within 6 months as permitted under the Georgia renewal statute, O.C.G.A. § 9-2-61.  After careful review, we affirm.

We review the grant of a motion to dismiss de novo, accepting the allegations in the complaint as true and construing them in the light most favorable to the plaintiff.  Hill v. White, 321 F.3d 1334, 1335 (11th Cir. 2003).  Similarly, when the appellant raises a question of law, we review the issue de novo.  Phillips v. United States, 260 F.3d 1316, 1318 (11th Cir. 2001).  A party abandons all issues on appeal not plainly and prominently raised in the initial brief.  United States v. Jernigan, 341 F.3d 1273, 1283 n.8 (11th Cir. 2003).

We look to state law to determine a limitations period for a federal cause of action "only when Congress has failed to provide a statute of limitations." Phillips, 260 F.3d at 1318 (quotations omitted).  Federal statutory law provides for a 90-day limitations period for a claim under the ADEA, which runs from the date of the plaintiff's receipt of a right-to-sue notice from the EEOC.  See 29 U.S.C. § 626(e); Kerr v. McDonald's Corp., 427 F.3d 947, 951 (11th Cir. 2005).  The ADA also provides for a 90-day statute of limitations, as it expressly incorporates the enforcement mechanisms contained in Title VII, 42 U.S.C. § 2000e-5.  See 42 U.S.C. § 12117(a); see also Zillyette v. Capital One Financial Corp., 179 F.3d 1337, 1339 (11th Cir. 1999).

Georgia law provides for the renewal of a case that has previously been dismissed, allowing for a new complaint to be filed outside of the applicable statute of limitations, so long as it is filed within six months of the original dismissal.  See O.C.G.A. § 9-2-61.  In Phillips, we held that § 9-2-61 did not apply to extend the limitations period for causes of action brought under the Federal Tort Claims Act ("FTCA").  260 F.3d at 1317, 1319.  We reasoned that Congress established the statute of limitations for FTCA claims to ensure uniformity, and the incorporation of diverse state renewal provisions would undermine the uniform application of the limitations period. Id. at 1319.

3

As applied here, Congress has established a 90-day limitations period for claims under both the ADA and ADEA, so Georgia's relevant limitations period is inapplicable.  See 29 U.S.C. § 626(e); 42 U.S.C. § 12117(a); Kerr, 427 F.3d at 951; Phillips, 260 F.3d at 1318; Zillyette, 179 F.3d at 1339.  As in Phillips, the application of the Georgia renewal statute and other state renewal statutes would undermine the uniformity intended by Congress's adoption of the 90-day limitations period for filing claims under the ADA and ADEA.  See 260 F.3d at 1319.  Furthermore, Ingmire has abandoned any appeal of her state law claims by failing to address them in her brief.  Jernigan, 341 F.3d at 1283 n.8.  Accordingly, we affirm.

**AFFIRMED.**