[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 12-14061
Non-Argument Calendar
_____

D.C. Docket No. 1:10-cv-20094-CMA

GLEN TOWNSEND,

Plaintiff-Appellant,

versus

VETERANS AFFAIRS MEDICAL CENTER,
VETERANS AFFAIRS REGIONAL OFFICE,

Defendants-Appellees.

_____

Appeal from the United States District Court
for the Southern District of Florida
_____

(June 13, 2013)

Before TJOFLAT, WILSON and PRYOR, Circuit Judges.

PER CURIAM:

Glen Townsend, proceeding pro se, appeals the district court's denial of his motion for reinstatement of his medical malpractice complaint following the district court's *sua sponte* dismissal of his complaint. Townsend visited the Veterans Affairs Medical Center (VAMC) in Kansas City, Missouri in 1999, where he was diagnosed with tuberculosis by a VAMC doctor. Townsend contends that the VAMC doctor declined to treat him for tuberculosis at that time and that the doctor told him that he should not experience any future medical emergencies. In 2002, Townsend visited the VAMC in San Francisco, California and received treatment for scar tissue in his lungs that had developed as a result of tuberculosis. Townsend filed his complaint for failure to treat a serious medical condition against the VAMC on January 12, 2010. On appeal, Townsend argues that his failure to comply with 28 U.S.C. § 2401(b)'s requirements for tort claims against the United States was excusable and, based on newly discovered evidence, the district court should have reconsidered its order dismissing his complaint.

We review a district court's denial of relief under Federal Rule of Civil Procedure 60(b) for abuse of discretion. *Waddell v. Hendry Cnty. Sheriff's Office*, 329 F.3d 1300, 1309 (11th Cir. 2003). An appeal from the denial of a Rule 60(b) motion is limited to the denial of that motion and does not raise issues in the underlying judgment for review. *Am. Bankers Ins. Co. of Fla. v. Nw. Nat'l Ins. Co.*, 198 F.3d 1332, 1338 (11th Cir. 1999).

2

Rule 60(b) provides for relief from judgment on numerous grounds, including: "(1) mistake, inadvertence, surprise, or excusable neglect" and "(2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b)." Fed. R. Civ. P. 60(b)(1)–(2). "Excusable neglect" under Rule 60(b)(1) generally encompasses situations where a party fails to comply with a filing deadline due to negligence. *United States v. Davenport*, 668 F.3d 1316, 1324 (11th Cir.), *cert denied* 132 S. Ct. 2731 (2012). We employ a five-part test to determine entitlement to relief based on newly discovered evidence under Rule 60(b)(2), which requires:

> (1) the evidence must be newly discovered since the trial [or final judgment or order]; (2) due diligence on the part of the movant to discover the new evidence must be shown; (3) the evidence must not be merely cumulative or impeaching; (4) the evidence must be material; and (5) the evidence must be such that a new trial [or reconsideration of the final judgment or order] would probably produce a new result.

*Waddell*, 329 F.3d at 1309.

Under 28 U.S.C. § 2401(b), "[a] tort claim against the United States shall be forever barred unless it is presented in writing to the appropriate Federal agency within two years after such claim accrues or unless action is begun within six months after . . . notice of final denial of the claim by the agency." "It is undisputed that under section 2401(b), a tort claim must be presented to the appropriate federal agency within two years after the claim accrues *and* the lawsuit

3

must be commenced within six months after the receipt of a final agency decision." *Phillips v. United States*, 260 F.3d 1316, 1317 (11th Cir. 2001) (emphasis in original).

Turning to the facts of this case, we construe Townsend's self-styled "motion for reinstatement" as a motion for relief from the order dismissing his complaint under Rule 60(b). *See Mays v. U.S. Postal Serv.*, 122 F.3d 43, 46 (11th Cir. 1997) (per curiam) ("A post-judgment motion may be treated as made pursuant to either Fed. R. Civ. P. 59 or 60—regardless of how the motion is styled by the movant—depending on the type of relief sought.").

Townsend's claim is barred by 28 U.S.C. § 2401(b). The VAMC diagnosed Townsend with tuberculosis in 1999, and a VAMC doctor informed Townsend that tuberculosis had damaged his lungs in 2002. Townsend filed his complaint in January 2010. Townsend made no showing that, after he became aware of the damage to his lungs, his failure to comply with 28 U.S.C. § 2401(b) by almost six years was excusable. The district court did not abuse its discretion in declining to reconsider its order on this basis. Further, because Townsend's newly discovered evidence would not alter the basis for the district court's dismissal, we decline to address whether the evidence was otherwise sufficient to merit relief under Rule 60(b)(2). *See Waddell*, 329 F.3d at 1311 (holding that the district court did not abuse its discretion in denying the movant's motion under Rule 60(b)(2), in part

4

because the movant's newly discovered evidence would not change the outcome in the underlying case). Accordingly, we affirm.

**AFFIRMED.**[1]

---

[1] Townsend's motion for judgment on the pleadings is DENIED.