[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 15-13169
Non-Argument Calendar
_____

D.C. Docket No. 8:14-cv-02708-VMC-EAJ

KEITH ROBERT CALDWELL, SR.,

Plaintiff-Appellant,

versus

SUZANNE M. KLINKER, et al.,

Defendants,

US DEPARTMENT OF VETERANS AFFAIRS,
U.S. DEPARTMENT OF HEALTH AND HUMAN SERVICES,
HOSPITAL CORPORATION OF AMERICA HOLDINGS, INC.,
d.b.a. Palms of Pasadena Hospital,

Defendants-Appellees.

_____

Appeal from the United States District Court
for the Middle District of Florida
_____

(March 30, 2016)

Before HULL, MARCUS, and ROSENBAUM, Circuit Judges.

PER CURIAM:

Keith Caldwell, Sr., a disabled veteran proceeding *pro se*, appeals the dismissal of his lawsuit alleging that he received substandard and negligent treatment from several medical institutions. The district court, after giving Caldwell several opportunities to amend his complaint, concluded that it lacked subject-matter jurisdiction and dismissed the action.

The district court determined that Caldwell's claims against Defendants-Appellees United States Department of Veterans Affairs ("VA") and U.S. Department of Health and Human Services ("HHS") (collectively, "federal agency defendants") were subject to the Federal Tort Claims Act, 28 U.S.C. §§ 1346 and 2672, and were due to be dismissed because Caldwell had not exhausted his administrative remedies as required by that act. Further, the court concluded that Caldwell's claims against the owner or operator of a private hospital, Defendant-Appellee Hospital Corporation of America Holdings, Inc. ("Hospital Corporation"), were subject to dismissal because Caldwell had not established that the district court had jurisdiction to decide his claims against that entity.

After careful review, we conclude that the district court's reasoning was correct, so we affirm the dismissal of Caldwell's action for lack of subject-matter jurisdiction.

**I.**

In this lawsuit, Caldwell primarily alleged that he received inadequate treatment from the VA Bay Pines hospital after suffering several blackouts that caused him to fall and sustain serious injuries. According to Caldwell, he needed a power wheelchair to prevent falling when he suffered a blackout, but his primary physician at Bay Pines negligently failed to obtain one for him. Caldwell claimed that the lack of a power wheelchair later caused him to fall and break his neck upon suffering a blackout at a baseball game.

Following spinal surgery for his injury, Caldwell received rehabilitation therapy from the Palms of Pasadena Hospital, which, Caldwell alleged, withheld prescribed medication. In addition, before breaking his neck, Caldwell had been participating in a mental-health treatment program at Bay Pines, but Palms of Pasadena did not offer similar treatment. As a result, Caldwell sought to be transferred to the Bay Pines psychiatric ward under the Florida Mental Health Act, Fla. Stat. § 394.451, *et seq*. However, according to Caldwell, Bay Pines stonewalled his efforts to transfer for mental-health treatment  Caldwell also alleged that the director of Bay Pines refused to remove his primary care physician, despite his requests.

Caldwell originally named as defendants several individuals, including his primary care physician at Bay Pines, the director of Bay Pines, and the executive

officer of Palms of Pasadena.  He generally alleged that the defendants "exhibited gross incompetence, malpractice, and complete disregard for Plaintiff's life, health and welfare, mental state and safety."  After the district court twice dismissed his complaint with leave to amend for failure to establish the court's subject-matter jurisdiction, Caldwell dropped the individual defendants and, in their place, substituted their "parent organizations": the VA and HHS for the Bay Pines defendants, and Hospital Corporation for Palms of Pasadena.

Caldwell's change in defendants prompted the United States to appear on behalf of the federal agency defendants and seek dismissal of the complaint under the Federal Tort Claims Act.  The United States claimed that it was the only proper defendant to a negligence claim against federal agencies and that any such claims should be dismissed because Caldwell did not exhaust his administrative remedies before bringing suit.  The United States also asserted that sovereign immunity barred any constitutional tort claims against the federal agencies and that Caldwell otherwise failed to state a viable claim.

The district court granted the United States's motion and dismissed the complaint for lack of subject-matter jurisdiction, for the reasons stated by the government.  The court granted Caldwell leave to file a third amended complaint that established the court's subject-matter jurisdiction over the action, advising that

4

Caldwell needed to set forth facts showing his exhaustion of administrative remedies under the Federal Tort Claims Act.

Thereafter, Caldwell filed what the court construed as his third amended complaint. With regard to exhaustion, Caldwell alleged that he presented his issues to the executive officer of Palms of Pasadena, as well as the director of Bay Pines. The United States again moved to dismiss the complaint.

The district court dismissed Caldwell's third amended complaint without leave to amend on May 15, 2015. The court concluded that Caldwell's tort claims against the federal agency defendants could only be brought against the United States under the FTCA and that he failed to exhaust his administrative remedies under that act. The court noted that Caldwell may still have time to comply with the FTCA and then re-file. The court also found that Caldwell's constitutional claims were barred by sovereign immunity. Finally, the court found that Caldwell failed to establish diversity jurisdiction over Hospital Corporation. Caldwell timely appealed.

## II.

Caldwell broadly condemns the district court's conclusion that his lawsuit was subject to the requirements of the Federal Tort Claims Act ("FTCA") and that the FTCA and the doctrine of sovereign immunity barred his claims. Caldwell

asserts that the United States and the district court, by invoking and relying upon the FTCA and sovereign immunity, improperly changed the nature of his lawsuit.

We review *de novo* the district court's dismissal of a complaint for lack of subject-matter jurisdiction. *Underwriters at Lloyd's, London v. Osting-Schwinn*, 613 F.3d 1079, 1085 (11th Cir. 2010). "*Pro se* pleadings are held to a less stringent standard than pleadings drafted by attorneys and will, therefore, be liberally construed." *Tannenbaum v. United States*, 148 F.3d 1262, 1263 (11th Cir. 1998). Despite the liberal construction given to the pleadings of *pro se* litigants, "we nevertheless have required them to conform to procedural rules." *Albra v. Advan, Inc.*, 490 F.3d 826, 829 (11th Cir. 2007) (quotation marks omitted).

Here, Caldwell sought to sue two federal agencies in federal court. But, as a general matter, the doctrine of sovereign immunity shields the United States and its agencies from suit. *FDIC v. Meyer*, 510 U.S. 471, 475, 114 S. Ct. 996, 1000 (1994). Sovereign immunity is jurisdictional in nature, but it can be waived. *Id.* Therefore, as the party filing suit in federal court, Caldwell bore the burden of establishing, by a preponderance of the evidence, facts supporting the existence of a waiver of sovereign immunity. *See Underwriters at Lloyd's*, 613 F.3d at 1085 (stating the general requirement of alleging facts sufficient to establish the district court's jurisdiction).

6

"Through the enactment of the FTCA, the federal government has, as a general matter, waived its immunity from tort suits based on state law tort claims." *Zelaya v. United States*, 781 F.3d 1315, 1322 (11th Cir. 2015). "[T]he FTCA was designed to provide redress for ordinary torts recognized by state law." *Ochran v. United States*, 273 F.3d 1315, 1317 (11th Cir. 2001) (internal quotation marks omitted). An action against the United States under the FTCA is the exclusive remedy for employment-related torts committed by employees of the federal government. 28 U.S.C. §§ 2679, 1346(b); *United States v. Smith*, 499 U.S. 160, 165-66, 111 S. Ct. 1180, 1184-85 (1991).

Here, the FTCA was the exclusive remedy for Caldwell's state-law tort claims against the federal agency defendants and their employees. While Caldwell's complaints did not clearly identify the legal basis for his claims, the district court properly concluded that Caldwell's claims, primarily alleging medical malpractice and negligence, sounded in tort. Moreover, although Caldwell now asserts that the federal employees were not acting within the scope of their employment, his allegations plainly establish that his claims arise from acts or omissions committed by federal employees while providing medical treatment as part of their job duties. Because the FTCA was the exclusive remedy for Caldwell's tort claims for money damages, whether or not he invoked the FTCA or named the United States as a defendant, he could not have proceeded against the

7

federal agencies or employees in their own names.  *See* 28 U.S.C. §§ 2679, 1346(b); *Smith*, 499 U.S. at 165-66, 111 S. Ct. at 1184-85.

The fact that Caldwell's claims are subject to the FTCA does not mean, as he contends, that the district court changed the nature of the lawsuit or somehow altered his allegations.  It simply means that, for the types of facts he alleged—whatever legal label Caldwell attached to them—Caldwell needed to comply with the FTCA's requirements before filing suit in federal court.  Specifically, Caldwell needed to exhaust his administrative remedies.  *McNeil v. United States*, 508 U.S. 106, 113, 113 S. Ct. 1980, 1984 (1993) ("The FTCA bars claimants from bringing suit in federal court until they have exhausted their administrative remedies.").  Even *pro se* litigants must comply with the exhaustion requirement.  *Id*.  Unless and until a claimant has exhausted his administrative remedies under the FTCA, the district court lacks subject-matter jurisdiction.  *Turner ex rel. Turner v. United States*, 514 F.3d 1194, 1200 (11th Cir. 2008).

To exhaust administrative remedies, "the claimant shall have first presented the claim to the appropriate Federal agency and his claim shall have been finally denied by the agency in writing and sent by certified or registered mail."  28 U.S.C. § 2675(a).  If the agency fails to make a "final disposition of a claim within six months after it is filed," the claimant may treat the lack of response as "a final denial of the claim for purposes of this section."  *Id.*; *Turner ex rel. Turner*, 514

8

F.3d at 1200 ("Before instituting a federal suit, the claimant must wait either until the administrative agency finally denies the claim or until at least six months have passed after the claim was filed.").

Caldwell did not exhaust his administrative remedies under the FTCA because did not file an administrative claim with the federal agency responsible for handling his claim. 28 U.S.C. § 2675(a). The district court properly found that Caldwell's complaints to a private hospital administrator and a VA hospital administrator were insufficient under the FTCA. *See Motta ex rel. A.M. v. United States*, 717 F.3d 840, 843 (11th Cir. 2013) ("An appropriate federal agency is the actual federal agency responsible for handling the claim and not the government-funded entity or government employee who committed the alleged tort."). In other words, Caldwell needed to file an administrative claim directly with the VA, but he did not. *See, e.g.*, *Phillips v. United States*, 260 F.3d 1316, 1317 (11th Cir. 2001). Caldwell's *pro se* status does not excuse his failure to satisfy the FTCA's requirements. *See McNeil*, 508 U.S. at 113, 113 S. Ct. at 1984.

Because Caldwell's claims were subject to the FTCA but he did not exhaust his administrative remedies before bringing suit in federal court, the district court properly dismissed his negligence and medical malpractice claims for lack of jurisdiction. Furthermore, to the extent Caldwell raised constitutional tort claims against the federal agency defendants under the Fifth and Fourteenth Amendments,

the district court properly found that those claims were barred by sovereign immunity. The FTCA did not waive sovereign immunity from liability for damages arising from an alleged constitutional violation. *Meyer*, 510 U.S. at 477-78, 114 S. Ct. at 1001.

Under *Bivens v. Six Unknown Named Agents*, 403 U.S. 388, 91 S. Ct. 1999 (1971), a plaintiff may bring suit directly under the Constitution against federal officers in their individual capacity for constitutional violations. *See Hardison v. Cohen*, 375 F.3d 1262, 1264 (11th Cir. 2004). But Caldwell has not brought a *Bivens* claim. In his second and third amended complaints, Caldwell dropped his claims against the individual federal defendants and instead sought to proceed directly against the federal agencies.[1] *Bivens* does not extend to allow direct actions for damages against federal agencies. *Meyer*, 510 U.S. at 485-86, 114 S. Ct. at 1005-06.

Finally, the district court did not err in finding that Caldwell failed to establish federal jurisdiction over Hospital Corporation. Caldwell does not directly challenge this ruling on appeal, but we note that he did not adequately allege a federal cause of action against Hospital Corporation so as to invoke the district court's federal-question jurisdiction, 28 U.S.C. § 1331, nor did he adequately

---

[1] Caldwell claims that the court improperly granted a motion to dismiss filed by one of the original individual defendants without giving Caldwell time to respond, but the district court did not prohibit Caldwell from renaming that individual in subsequent complaints, and Caldwell voluntarily dropped her as a named defendant. Accordingly, Caldwell has no basis to complain.

allege that complete diversity of citizenship existed between him and Hospital Corporation, 28 U.S.C. § 1332(a), (c)(1).  Accordingly, the district court properly dismissed his claims against Hospital Corporation.

For the reasons stated, we affirm the district court's dismissal of Caldwell's action for lack of subject-matter jurisdiction.

**AFFIRMED.**