[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 20-11148
Non-Argument Calendar

_____

D.C. Docket No. 4:19-cv-00299-HLM

DOUGLAS EDWARDS,

Plaintiff – Appellant,

versus

SOLOMON and SOLOMON, P.C.,

Defendant – Appellee.

_____

Appeal from the United States District Court
for the Northern District of Georgia

_____

(September 30, 2020)

Before MARTIN, JILL PRYOR, and BRANCH, Circuit Judges.

PER CURIAM:

At issue in this appeal is whether Georgia's renewal statute, O.C.G.A. § 9-2-61, can save a claim that is otherwise time-barred under the Fair Debt Collection Practice Act (FDCPA), 15 U.S.C. § 1692 *et seq.*  We conclude that it cannot and affirm the district court's dismissal of Douglas Edwards's complaint against Solomon and Solomon, P.C. as time-barred.

I.

On April 26, 2019, Edwards filed a complaint against Solomon and Solomon—a third-party collection agency—in the Superior Court of Bartow County, Georgia.  The complaint alleged that Solomon and Solomon violated various provisions of the Fair Debt Collection Practices Act (FDCPA), 15 U.S.C. § 1692 *et seq.*  On May 20, 2019, Solomon and Solomon removed the case to the United States District Court for the Northern District of Georgia based on federal question jurisdiction.  The same day that Solomon and Solomon removed the case to federal court, Edwards voluntarily dismissed it without prejudice pursuant to Rule 41(a)(1)(A) of the Federal Rules of Civil Procedure.

Six months later, on November 27, 2019, Edwards refiled his complaint in the Superior Court of Bartow County, which alleged the same FDCPA claims against Solomon and Solomon as in the initial complaint.  Once again, Solomon

2

and Solomon removed the case to the U.S. District Court for the Northern District of Georgia on the basis of federal question jurisdiction.

This time, however, Solomon and Solomon also moved to dismiss Edwards's complaint pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.  Solomon and Solomon argued that Edwards's claims were time barred under the FDCPA's one-year statute of limitations, 15 U.S.C. § 1692k(d).  As Solomon and Solomon pointed out in its motion, Edwards's complaint specifically alleged that the FDCPA violations occurred on May 1, 2018, May 25, 2018, and July 23, 2018.  But the new complaint was filed on November 27, 2019, and therefore, pursuant to § 1692(k)(d), any FDCPA violation must have occurred on or after November 26, 2018 to be actionable.  Edwards opposed the motion, arguing that Georgia's renewal statute, O.C.G.A. § 9-2-61, prevented his claims from being deemed time-barred.  The district court ultimately dismissed Edwards's complaint as time-barred, concluding that where Congress has set a specific statute of limitations, it cannot be extended by operation of state law.  Edwards now appeals.

## II.

We review the district court's grant of Solomon and Solomon's motion to dismiss *de novo*, "accepting the allegations in the complaint as true and construing

3

them in the light most favorable to the plaintiff." *Pinson v. JPMorgan Chase Bank, Nat'l Ass'n*, 942 F.3d 1200, 1206 (11th Cir. 2019).

III.

"The FDCPA imposes civil liability on debt collectors for certain prohibited debt collection practices." *Hart v. Credit Control, LLC*, 871 F.3d 1255, 1257 (11th Cir. 2017) (alteration adopted) (quoting *Jerman v. Carlisle, McNellie, Rini, Kramer & Ulrich L.P.A.*, 559 U.S. 573, 576 (2010)).  The only relevant FDCPA provision in this appeal is its statute of limitations provision, which provides that "[a]n action to enforce any liability created by this subchapter may be brought in any appropriate United States district court without regard to the amount in controversy, or in any other court of competent jurisdiction, *within one year from the date on which the violation occurs*." 15 U.S.C. § 1692k(d) (emphasis added).

On appeal, Edwards does not dispute that his claims fall outside of the FDCPA's one-year statute of limitations.  Rather, he argues that his claims are not time barred because he complied with Georgia's renewal statute, O.C.G.A. § 9-2-61.  That statute provides in pertinent part:

> When any case has been commenced in either a state or federal court within the applicable statute of limitations and the plaintiff discontinues or dismisses the same, it may be recommenced in a court of this state or in a federal court either within the original applicable period of limitations or within six months after the discontinuance or dismissal, whichever is later . . .

4

O.C.G.A. § 9-2-61(a).  Edwards's argument hinges on whether the Georgia renewal statute applies notwithstanding the FDCPA's express one-year statute of limitations.  If it does, then his new complaint, which was filed within six months of the dismissal of his initial complaint, would have been timely.

Georgia's renewal statute does not apply to the FDCPA.  Our case law is clear that, where Congress has set an express statute of limitations, state law cannot otherwise extend it.   In *Phillips v. United States*, for example, we considered whether the Georgia renewal statute could extend the time for filing a claim under the Federal Torts Claims Act ("FTCA").  260 F.3d 1316, 1317–18 (11th Cir. 2001).  We reasoned that because "a [federal] court looks to state law to define the time limitation applicable to a federal claim only when Congress has failed to provide a statute of imitations for a federal cause of action," and Congress expressly provided a [six-month] limitation period for FTCA claims, "the incorporation of diverse state renewal provisions into [the FTCA] would undermine the uniform application of [the FTCA's] six month time limitation just as effectively as would the incorporation of state law for the accrual of a cause of action." *Id.* at 1318−19 (quotations omitted).  Accordingly, we held that the Georgia renewal statute could not extend the FTCA's limitations period.  *Id.*; *see also Burnett v. N.Y. Cent. R.R. Co.*, 380 U.S. 424, 433 (1965) (rejecting a claim that Ohio's savings statute applied to the Federal Employers' Liability Act because

5

"[t]he incorporation of variant state savings statutes would defeat the aim of a federal limitation provision designed to produce national uniformity"); *Holmberg v. Armbrecht*, 327 U.S. 392, 395 (1946) ("If Congress explicitly puts a limit upon the time for enforcing a right which it created, there is an end of the matter.  The Congressional statute of limitation is definitive.").

The same reasoning applies to FDCPA claims.  Congress specifically provided for a one-year limitations period for FDCPA claims.  *See* 15 U.S.C. § 1692k(d).  And incorporating Georgia's renewal statute into the FDCPA would undermine the uniform application of this federal limitation.   We therefore conclude that Georgia's renewal statute does not extend the FDCPA's one-year statute of limitations.[1]

---

[1] Edwards argues that our holding in *Phillips* does not extend to the FDCPA because FTCA plaintiffs may only bring claims in federal court, whereas the FDCPA permits claims to be filed in state and federal court.  And he points out that the FTCA involves a specific waiver of sovereign immunity, which the FDCPA does not include, and therefore the FTCA's statute of limitations provision is construed more strictly than the one at issue here.  But Edwards does not present any authority showing that either distinction matters.  Moreover, other circuits have also reached the same holding as *Phillips* outside the FTCA context.  *See, e.g.*, *E.E.O.C. v. W.H. Braum, Inc.*, 347 F.3d 1192, 1201 (10th Cir. 2003) (explaining that "[t]he federal scheme is complete and it is inappropriate to import state statutes of limitations, such as a savings clause, to time-bar an individual aggrieved employee under the ADA"); *Beck v. Caterpillar Inc.*, 50 F.3d 405, 407 (7th Cir. 1995) ("Where, as [in this hybrid suit under § 301 of the Labor Management Relations Act], the plaintiff voluntarily dismisses a lawsuit which was brought in federal court, asserts a purely federal claim, and is subject to a federal statute  of limitations, state savings statutes do not apply."); *Garrison v. Int'l Paper Co.*, 714 F.2d 757, 759 n.2 (8th Cir. 1983) (noting that "[b]ecause Title VII actions are governed by a federal statute of limitations, the Arkansas saving clause is inapplicable").

6

Instead of following *Phillips*, Edwards urges to rely on *Arias v. Cameron*, 776 F.3d 1262 (11th Cir. 2015). In *Arias*, we held that a district court did not abuse its discretion by allowing the plaintiff to voluntarily dismiss his state law tort claim, which had been removed to federal court by the defendants, regardless of whether dismissal prejudiced defendants by stripping the defendants' statute of limitations defense. *Id.* at 1273. In reaching that conclusion, we observed that the defendant would likely not have had a statute of limitations defense if the defendant had not removed the case to federal court because the plaintiff could have invoked Georgia's renewal statute in state court. *Id.* at 1272. Thus, Edwards claims that Solomon and Solomon created the statute of limitations defense by removing his claims to federal court and if they had not, his suit would have been timely under Georgia law.

Edwards's reliance on *Arias* is misplaced. Unlike this case, which concerns a federal claim where Congress has set the applicable statute of limitations, *Arias* concerned a state law tort claim where the state legislature set the statute of limitations. *Id.* at 1265. Thus, *Arias* is of no help to Edwards.

In conclusion, because the Georgia renewal statute does not apply to federal causes of action where Congress expressly set a limitations period, such as the FDCPA, we affirm the district court's dismissal of his complaint.

**AFFIRMED.**

7